| 48 | 145 |
| 91 | 614 |

---

DANIEL J. CAMPAU v. ELIZABETH BROWN, IMPLEADED WITH
LAFAYETTE BROWN.

*Entitling papers—Death of party—Agency—Adjournment by referee—*
*Leading questions.*

A wife and her husband were sued jointly, but he died and the suit was
discontinued as to him. The case was afterward referred, and
recovery was had as against the wife alone, on the referee's report.
In suing out a writ of error the wife entitled the case as if her hus-
band was still a party. *Held,* that the irregularity might be dis-
regarded.

48 MICH.—10

When agency is shown otherwise than by hearsay, proof is admissible of acts done by the agent for his principal, in a suit by the agent for the value of his services.

A referee can adjourn the proceedings on the reference as convenience requires so long as the adjournments are consistent with law and practice. ·

Error does not lie on the allowance, by a referee, of leading questions; but in extreme cases of abuse their allowance may warrant an appeal to the discretion of the circuit court to avoid the decision.

Where proceedings to confirm the report of a referee are brought up on error, the Supreme Court cannot interfere to determine the correctness of his finding of fact nor to require him to make his report more full and perfect.

Error to Wayne.　Submitted April 7.　Decided April 12.

Assumpsit.　Defendant brings error.　Affirmed.

*H. & H. E. Walbridge* for appellant.　After a party dies farther proceedings in the case must be properly entitled: *Stimpson v. Circ. Judge* 41 Mich. 3; or witnesses cannot be prosecuted for perjury: *Rex v. Cohen* 1 Stark. 511; misjoinder of defendants defeats recovery: 1 Chitty Pl. 44; Dicey on Parties 528: nor can there be any recovery upon a joint debt under a declaration on a joint obligation unless all are held liable: *Munn v. Haynes* 46 Mich. 140; discontinuance cannot be allowed as against one of several joint debtors: *Candee v. Clark* 2 Mich. 255; *Wetherwax v. Paine* id. 555; *Winslow v. Herrick* 9 Mich. 380; *Mace v. Page* 33 Mich. 38; *Larkin v. Butterfield* 29 Mich. 254; *Wellover v. Soule* 30 Mich. 481; *Lee v. Bolles* 20 Mich. 46; *Ballou v. Hill* 23 Mich. 60; *Cruikshank v. Gardner* 2 Hill 333.

*Daniel J. Campau, Jr.* and *Moore & Moore* for appellee.

CAMPBELL, J.　Mr. Campau recovered a judgment in the circuit court for the county of Wayne against his niece, Mrs. Brown, on a referee's report, for services and disbursements on her behalf in defending her interests in a number of lawsuits, partly on her sole account and partly where she was jointly interested.　When the suit was first brought her

husband was sued with her, but he died before the reference, and his death was suggested and discontinuance had against him. In the subsequent proceedings there was some carelessness of practice in the entitling of papers, and in some of them Mrs. Brown was mentioned as impleaded with Lafayette Brown. The writ of error was so made out.

So far as any objections of this sort are concerned, we do not think that it can be regarded as a fatal error to pursue the old common-law practice, although if judgment had been rendered against the husband during his lifetime, he might have had cause of complaint. But no one but Mrs. Brown has been held liable, and in *Howe v. Lemon* 47 Mich. 544, where a series of similar slips had been made they were disregarded. Here, as there, the surviving wife has herself misentitled her own cause, and in the present case if strictness of practice were observed she would appear as sole plaintiff in error impleaded with a living person from whom there has been no severance, and therefore no right of separate proceeding. All of these matters we shall disregard.

A series of objections appear to have been taken to the testimony of several persons—some to the value of professional services—some to employment by Campau as her agent, and some to acts of her husband as her agent. We do not find that agency was in any case shown by hearsay, and when otherwise shown we think there can be no objection to proof of the acts of agents for their principals in the employment of counsel or other duties referred to in the reference. We find no hearsay evidence in the case.

There is no rule preventing a referee from making such adjournments as convenience seems to require, so long as he does not otherwise overstep the duties imposed by law or practice.

The allowance of leading questions by a referee cannot be made ground of error. If carried to an extent amounting to an abuse, it may, perhaps, warrant an appeal to the discretion of the circuit court to avoid the decision, but if such a case can arise it must be peculiar and extreme.

The main controversy which is presented is one of fact, on which there was testimony before the referee and on

which we cannot interfere to determine the correctness of
his finding.   The remedy to have his report made more full
and perfect is not to be found in a writ of error to review
its confirmation.    The remaining questions relate to the
admission of testimony so plainly pertinent, or the exclusion
of testimony so plainly irrelevant, that we should not be
justified in discussing it at large.   The real grievance com-
plained of—if any exists—and of this we see no strong rea-
son to suppose the existence—is in the referee's conclusions
of fact, and not his conclusions of law.   This we have no
power to consider.

   The judgment must be affirmed with costs.

   The other Justices concurred.