*In re* HATJIOANNOU ESTATE

HATJIOANNOU v HATJIOANNOU

Docket No. 48312. Submitted October 8, 1980, at Detroit.—Decided
November 4, 1980.

Constantinos Hatjioannou filed a claim against the estate of Nick
C. Hatjioannou based on an unpaid note. A referee determined
that the estate failed to establish repayment or other satisfac-
tion of the indebtedness and recommended allowance of the
claim. Oakland Probate Court, Eugene Arthur Moore, J., so
ordered. The estate appeals, alleging that the referee failed to
file his final report within the statutorily-mandated time period
and that his determination was void for lack of jurisdiction.
*Held:*

The referee adjourned the hearing under statutory authority.
Claimant did not object to the delay in closing the hearing, nor
did he request a date for resumption of or closing of the
hearing. Thus, the prolonged adjournment did not overstep the
duties imposed on the referee by law or practice. In addition,
the length of time between the opening and closing of the
hearing was within the discretion of the probate judge or
referee, and the hearing was not closed until the referee ruled
that there would be no further evidence or argument taken.
Following this ruling, his report was timely filed.

Affirmed.

1. COURTS — PROBATE COURTS — CONTESTED CLAIMS — ADJOURNMENT
OF HEARINGS.

A probate judge or referee may grant adjournments of hearings
regarding contested claims against an estate when deemed
necessary.

2. COURTS — PROBATE COURTS — PROBATE REFEREES — DUTIES UPON
CLOSE OF HEARINGS — STATUTES.

A referee appointed by a probate judge to hear contested claims

REFERENCES FOR POINTS IN HEADNOTES
[1] 79 Am Jur 2d, Wills § 850.
[2] 79 Am Jur 2d, Wills § 841.
[3] 80 Am Jur 2d, Wills § 1025.

against an estate should file a report on the hearing with the court, including a full statement of facts with respect to a claim and offsets and his recommendations for or against allowance thereof within twenty days after the close of the hearings (MCL 700.702[2]; MSA 27.5702[2]).

3. COURTS — PROBATE COURTS — CONTESTED CLAIMS — LENGTH OF HEARINGS — JUDICIAL DISCRETION.

   The length of time between the opening and closing of a hearing on contested claims against an estate is within the discretion of the probate judge or referee conducting the hearing, and a hearing is not closed until a ruling is made that no further evidence or argument will be taken.

*Sheridan V. Holzman,* for plaintiff.

*James N. Canham,* for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

D. C. RILEY, P.J. This case involves a contested claim for $12,000, against the estate of Nick C. Hatjioannou. The claim was heard by a referee who, after hearing testimony on two separate occasions, submitted a report to the probate judge on April 9, 1979, recommending that the claim be allowed.

The facts are essentially as follow. Decedent's father is the claimant. On January 4, 1972, Nick's father signed a statement for the Michigan Liquor Control Commission representing that he was loaning Nick $12,000 for the purpose of purchasing a Class C licensed business. The loan was to be secured by a second mortgage on the home of Nick and his wife, the executrix of the estate and appellant herein. On June 9, 1972, Nick and his wife executed a mortgage and mortgage note payable to claimant. The note was payable in five years, in the amount of $12,000. No rate of interest was stated.

After having heard the proofs, the referee determined that the estate failed to establish the repayment or other satisfaction of the debt owed by the decedent to the claimant. In his final report, the referee recommended that the entire claim of $12,000 should be allowed. The probate judge approved this report, and it is from his final order that the estate appeals.

Appellant's chief contention, raised first in the probate court and now raised again for our consideration, is that the referee failed to file his final report within the time period mandated by statute[1] and that, consequently, his decision was void for lack of jurisdiction.[2]

The starting point of our inquiry is MCL 708.3; MSA 27.3178(413) which provides, in relevant part, as follows:

"In the event that any claim or offset is contested or disputed, or subject to proofs, the probate judge or the referee, as the case may be, may adjourn the hearing on claims as originally fixed by order of the court until such time as the disputed matter can conveniently be heard, giving reasonable notice of such adjournment to the fiduciary and the claimant. A referee shall file with the probate court within 20 days following the close of the hearing on claims his report thereon, including a full statement of facts with respect to any disputed claims or offsets and his recommendations for the allowance or disallowance in whole or in part of all such

[1] MCL 708.3; MSA 27.3178(413).

[2] The parties to this appeal were directed by the court to brief the question of whether or not a probate court order allowing a claim in a decedent's estate is a final order appealable as a matter of right to the Court of Appeals pursuant to MCL 600.861; MSA 27A.861.

In *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980), this Court held that an order denying a claim in a decedent's estate was a final order appealable as a matter of right under MCL 600.861; MSA 27A.861. In the instant case, the Rules Committee panel has likewise determined that an order allowing the claim is a final order appealable as a matter of right to this Court.

claims or offsets and notice of the date of filing of such report by the referee shall be given to the fiduciary and the claimants affected, in the case of disputed and contested claims or offsets."

This statute was repealed, effective July 1, 1979; however, similar language now appears in the Revised Probate Code, MCL 700.702; MSA 27.5702.[3]

In the instant case, the probate court judge appointed the referee on December 13, 1977. The referee noticed the matter for hearing on January 26, 1978, but, at the request of counsel, adjourned the matter until March 31, 1978, at which time testimony was taken. Additional testimony was taken on May 5, 1978. It is at this juncture that the parties disagree. According to the referee's report, the May 5, 1978, hearing was adjourned without date, at the request of counsel, to permit counsel to submit additional documentary evidence and memoranda of law. The referee closed the hearing on April 1, 1979, and filed his report on April 9, 1979. In an affidavit, the referee stated that he made no representations as to the date on which the claims hearing would be closed. In addition, at no time between May 5, 1978, and April 9, 1979, did any party come forward and indicate to the referee that a specific date had been set for closing the hearing and for filing the report.

---

[3] The new provision reads, in pertinent part, as follows:

"(2) Within 20 days after the close of the hearing on the contested claims, the referee shall file with the court a report thereon, including a full statement of facts with respect to a claim and offsets and his recommendations for the allowance or disallowance in whole or in part of the claims and offsets. Notice of the date of filing of the report shall be given to all interested persons. Parties aggrieved by the recommendations may file objections to the report with the court within 10 days after notice of the filing of the report." MCL 700.702(2); MSA 27.5702(2).

While the appellee essentially agrees with the referee's position, as outlined above, the appellant argues that the May 5, 1978, hearing was adjourned until May 20, 1978, that the last submission to the referee occurred on June 9, 1978, and that, therefore, the referee's report filed April 9, 1979, was untimely.

The unequivocal language of the statute provides the probate judge or referee, as the case may be, with the authority to grant adjournments when they are deemed necessary. What scant case authority that exists on this issue supports this broad authority. As the Court held in *Campau v Brown,* 48 Mich 145, 147; 11 NW 845 (1882):

"There is no rule preventing a referee from making such adjournments as convenience seems to require, so long as he does not otherwise overstep the duties imposed by law or practice."

The referee's report and statement indicate that appellant never objected to the delay in closing the hearing and never requested a date for resumption or closing of the hearing. Further, the record reflects that the referee was recovering from serious injuries during the relevant time period and that the hearing itself was one of, as the referee terms it, "unusual difficulty", as it involved an emotional interfamily dispute. Because of these circumstances, this Court can only conclude that the prolonged adjournment did not overstep "the duties imposed by law or practice".

We also note that the applicable statute does not articulate any set time period for closing the hearing but, instead, leaves this to the sound discretion of the probate judge or referee. We reject, as unworkable, appellant's contention that a hearing should be considered closed when all of the evi-

dence is taken and all of the arguments are concluded. The problem with that kind of hindsight approach is that it is only apparent that the taking of evidence and argument have been concluded *after* the case is closed. For example, in the instant case, although oral testimony was concluded on May 5, 1978, additional documentary evidence, as well as legal briefs, were submitted subsequently. We conclude that the hearing was not closed until the referee *ruled* that there would be no further evidence or argument, which he did in effect on April 1, 1979. Since he filed his report by April 9, 1979, he did not controvert the 20-day statutory limit.

Having rejected appellant's initial claim that the referee's report was untimely, we need not reach the second issue presented.

Affirmed.

Costs to appellee.