SMILEY v CORRIGAN

Docket No. 217466. Submitted May 9, 2001, at Detroit. Decided October 26, 2001, at 9:05 A.M.

Helene I. Smiley brought an action in the Oakland Circuit Court against Helen H. Corrigan, Tom Schall, and Jawor's U.S.A. Sports, Inc., seeking damages for injuries the plaintiff suffered when she was struck in the head by defendant Corrigan with a golf club while Corrigan was practicing her backswing at a driving range operated by defendant Jawor's. At the time of the accident, Corrigan was being given golf instruction by defendant Schall. The plaintiff settled her claims against Jawor's and Schall and, thereafter, moved in the trial court to preclude Corrigan from arguing that the settling defendants shouldered some responsibility for the plaintiff's injuries. The court, Vesta E. Svenson, J., ruled that Corrigan could not argue before the jury the question of the liability of the settling tortfeasors. Corrigan appealed by leave granted.

The Court of Appeals *held*:

1. MCL 600.2956, enacted in 1995 as part of tort reform legislation, provides that, among multiple tortfeasors in actions involving tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, except actions for medical malpractice or in which the defendant's act or omission is a crime involving gross negligence or the use of a controlled substance or alcohol, the liability of each defendant for damages is several only and not joint, thereby replacing the common-law doctrine of joint and several liability. MCL 600.2957, part of the same reform legislation, provides that each defendant in a multiple tortfeasor action bears responsibility for only that portion of the damage that is in direct proportion to the person's percentage of fault, that the trier of fact shall consider the fault of each person regardless of whether the person is or could have been named as a party to the action, and that assessments of the percentage of fault attributable to persons not party to the action are to be used only to accurately determine the fault of the named parties. MCL 600.6304(1) provides that in personal injury, property damage, and wrongful death actions involving the fault of more than one person, the trier of fact shall make findings of fact regarding the percentage of the total

fault that is attributable to each person who contributed to the death or injury, including each plaintiff and each person released from liability.

2. The statutory scheme manifests a clear and unequivocal legislative intent that each tortfeasor is to be responsible for that portion of a plaintiff's damages that correlate to that tortfeasor's percentage of the fault and that the trier of fact is to make specific findings of fact concerning the percentage of fault attributable to each tortfeasor, including those tortfeasors who were released from liability or were not made parties to the action. Given this clear expression of legislative intent, it was error for the trial court to grant the plaintiff's motion to prohibit the defendant from raising at trial the issue of the proportion of fault that was attributable to the defendants that had already settled with the plaintiff.

Reversed and remanded.

1. Torts — Several Liability — Joint Liability.

The liability for damages of each defendant in an action involving multiple tortfeasors and a tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, except an action for medical malpractice or in which the defendant's act or omission is a crime involving gross negligence or the use of a controlled substance or alcohol, is several only and not joint (MCL 600.2956).

2. Torts — Multiple Tortfeasors — Allocation of Fault — Evidence.

A defendant in an action involving multiple tortfeasors and a tort or another legal theory seeking damages for personal injury, property damage, or wrongful death is entitled to present evidence regarding the fault attributable to the other tortfeasors and to have the trier of fact determine the fault of each tortfeasor, including a tortfeasor who has been released from liability or who was never made a party to the action (MCL 600.2957, 600.6304[1]).

*Simkins & Simkins, P.C.* (by *Kathy Ann Hosten*), for the plaintiff.

*Hopkins, Curran & Smith, PLLC* (by *Phillip K. Yeager*), for the defendant.

Before: Doctoroff, P.J., and Saad and Wilder, JJ.

Saad, J.

I. NATURE OF THE CASE

As part of Michigan's tort reform legislation of 1995,[1] the Legislature replaced the common-law doctrine of joint and several liability among multiple tortfeasors with the doctrine of several liability.[2] Under the former system, any one of multiple tortfeasors could be responsible for all damages awarded to the plaintiff, notwithstanding that the individual tortfeasor was only partially at fault for the injuries or damages sustained by the plaintiff. Under the statutory several liability system, defendants now are only accountable for damages in proportion to their percentage of fault.[3]

Consistent with this new several liability scheme, the remaining defendant here intended to argue to the jury that two former party defendants with whom plaintiff settled were partially at fault for plaintiff's injuries and that the jury should attribute a percentage of fault to them. However, the trial court prohib-

---

[1] See 1995 PA 161; 1995 PA 249.

[2] MCL 600.2956.

[3] Though the language of the statutory sections at issue is clear and unambiguous, the reasons supporting the legislation are aptly stated in House Legislative Analysis, House Bill 4508 (Substitute H-6), April 27, 1995, p 3:

This bill takes a common sense approach to reforming the state's civil justice system. It says, in essence, that defendants should pay their fair share of damage awards and no more. . . . This bill would essentially abolish joint and several liability and replace it with "fair share liability." . . .

Allowing the apportionment of fault to "non-parties," those not involved in the lawsuit, is also a means of providing fair treatment for defendants. Currently, fault is apportioned among the parties to a lawsuit but the fault of a non-party is not taken into account as a means of reducing the liability of an at-fault defendant. . . . This is clearly unjust and it imposes an unnecessary burden on those identified as "deep pockets" defendants.

ited defendant from making that argument. Because the trial court's decision directly repudiates the clear language of the statute, we reverse.

## II. FACTS

Plaintiff, Helene Smiley, claims that she was injured during a September 29, 1994, golf lesson at Jawor's U.S.A. Sports, Inc., driving range when defendant, Helen Corrigan, struck her in the head with a seven iron while Corrigan was practicing her backswing. In her complaint, Smiley contends that there were three negligent parties or co-tortfeasors: Jawor's, the facility at which Corrigan was taking golf lessons, Tom Schall, Corrigan's golf instructor, and Corrigan, the golf student.

By January 1998, Smiley settled her claims with Jawor's and Schall for $25,000. Before trial, Smiley filed a motion to preclude Corrigan from arguing that the settling defendants shouldered some responsibility for Smiley's injuries. Specifically, Smiley asserted:

> The trier of fact is not required to ascertain percentages of fault of joint tortfeasors who have settled with an injured party and are not parties to the lawsuit between the injured party and the remaining tortfeasor.

Following oral argument, the trial court ruled that Corrigan could not argue the liability of the settling tortfeasors. Corrigan then filed an emergency application for leave to appeal, which this Court granted on March 26, 1999.

### III. ANALYSIS

As part of its tort reform legislation, the Michigan Legislature abolished joint and several liability and replaced with "fair share liability."[4] The significance of the change is that each tortfeasor will pay only that portion of the total damage award that reflects the tortfeasor's percentage of fault. Accordingly, if the factfinder concludes that a defendant is ten percent at fault for a plaintiff's injuries and awards the plaintiff $100,000 in damages, the defendant will be responsible only for $10,000, not the entire damage award, as would have been the case under the former joint and several liability system. The Legislature made its intent to achieve this result very clear through its modifications to a number of statutes and its enactment of new statutes to reflect the changes in Michigan's civil justice system:

> Except as provided in section 6304, in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, *the liability of each defendant for damages is several only and is not joint.* . . . [MCL 600.2956 (emphasis added).]

The language is unequivocal and is reiterated in numerous other statutory sections: each defendant, in a multiple tortfeasor context, bears responsibility for only that portion of the damage that is "*in direct proportion to the person's percentage of fault.*" MCL 600.2957(1) (emphasis added).[5]

---

[4] *Id.*

[5] The Legislature did not abolish joint and several liability in medical malpractice actions or in cases in which the defendant's act or omission is a crime involving gross negligence or the use of alcohol or controlled substances. See MCL 600.6304(6); MCL 600.6312.

The Legislature further declared, clearly and unmistakably, that the trier of fact must consider the fault of each person who contributed to the tort, not only those who are parties to the litigation:

> In assessing percentages of fault under this subsection, *the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party of the action.* [MCL 600.2957(1) (emphasis added).]

Indeed, to remove any doubt that the determination of percentages of fault should include all possible tortfeasors, the Legislature enacted MCL 600.2957(3), which provides, in pertinent part:

> Assessments of percentages of fault for non-parties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

The statutes explicitly require the trier of fact to make specific findings regarding:

> (a) The total amount of each plaintiff's damages.
>
> (b) The percentage of total fault of all persons that contributed to the death or injury, including each plaintiff and each person *released from liability* under section 2925d, regardless of whether the person was or could have been named a party to the action. [MCL 600.6304(1) (emphasis added).]

Contrary to Smiley's arguments, the foregoing statutory language is neither unclear nor inconsistent. Accordingly, there is no need to resort to rules of judicial construction or to delve into the legislative

intent, and in fact, we are precluded from so doing. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). The words of the statute unambiguously tell the trial court what to do under the circumstances of this case: Corrigan will be responsible only for that portion of plaintiff's damages that correlate to her percentage of fault, and it is for the trier of fact to expressly make that determination, which, contrary to Smiley's assertions, we are confident the jury is able to do as long as Corrigan is free to present evidence and argue to the jury the fault attributable to the two settling parties in the conduct that led to Smiley's injuries.

Tactically, Corrigan will try to minimize her fault at trial and will attempt to maximize the fault of Jawor's and Schall and, perhaps, even Smiley. On the other side, Smiley will try to minimize the fault of the settling defendants, because she has already received money from them and now must try to maximize her award against the remaining defendant, Corrigan. The Legislature was not persuaded by, and we also reject, Smiley's argument that it is fundamentally unreasonable to force a plaintiff to "defend" settling tortfeasors. Contrary to Smiley's contention, the very nature of litigation imposes the burden on the plaintiff to prove that the primary fault rests with the defendant at trial, and it is the defendant's strategic burden to argue and prove that the fault rests elsewhere. It is for the Legislature, not this Court, to consider policy arguments[6] underlying the "empty chair"

---

[6] For a scholarly discussion of these issues, see Wright, *Allocating liability among multiple responsible causes: A principled defense of joint and several liability for actual harm and risk exposure,* 21 U C Davis L R 1141 (1988); Twerski, *The joint tortfeasor legislative revolt: A*

defense, and, again, the Legislature clearly rejected those arguments by opting for an unambiguous several liability statutory scheme.[7]

Accordingly, the trial court's grant of Smiley's motion was clearly contrary to the plain language of the statutes.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

*rational response to the critics,* 22 U C Davis L R 1125 (1989); Wright, *Throwing out the baby with the bathwater: A reply to Professor Twerski,* 22 U C Davis L R 1147 (1989); Wright, *The logic and fairness of joint and several liability,* 23 Mem St U L R 45 (1992).

[7] We are not persuaded by Smiley's constitutional arguments. Smiley fails to articulate how the allocation of fault among all tortfeasors violates the Equal Protection Clause, and she identifies no class of similarly situated persons treated differently. US Const, Am XIV; Const 1963, art 1, § 2. Further, Smiley fails to demonstrate how the legislation is not rationally related to achieving the Legislature's interest in ensuring "fair share damage awards." House Legislative Analysis, HB 4508 (Substitute H-6), April 27, 1995; *Neal v Oakwood Hosp Corp,* 226 Mich App 701, 719; 575 NW2d 68 (1997). We reject the reasoning of the Montana Supreme Court in *Plumb v Fourth Judicial Dist Ct, Missoula Co,* 273 Mont 363; 927 P2d 1011 (1996). Here, nonparties are not bound by the jury's allocation of fault under MCL 600.2957(3), and we find no logical basis to conclude that evidence regarding the culpability of all tortfeasors involved in an incident will render the jury's verdict *less* accurate, as the *Plumb* Court appeared to conclude. *Plumb, supra* at 377-378. Moreover, Smiley fails to identify how the legislation violates a protected liberty or property interest under the Due Process Clause. US Const, Am XIV; Const 1963, art 1, § 17. Accordingly, we decline to further address these constitutional arguments.