JONES v ENERTEL, INC

Docket No. 234522. Submitted November 13, 2002, at Detroit. Decided
December 17, 2002, at 9:05 A.M. Leave to appeal sought.

Betty J. Jones brought an action in the Oakland Circuit Court against
Enertel, Inc., and the city of South Lyon, seeking damages for inju-
ries sustained when she tripped and fell in the city on a sidewalk
that had been replaced by Enertel. The court, Nanci J. Grant, J.,
granted summary disposition in favor of Enertel on the ground that
the danger was open and obvious. The court denied the city's
motion for summary disposition, which was also based on the open
and obvious danger doctrine, ruling that a municipality may not
rely on the doctrine where liability is premised on a failure to
repair its sidewalk. The court thereafter entered an order that
allowed the city to name Enertel as a nonparty at fault, but later
set aside that order. The city appealed by leave granted the order
denying the motion to name Enertel as a nonparty at fault.

The Court of Appeals *held*:

1. The trier of fact in a tort-based action must allocate liability
among those at fault under MCL 600.2957(1). MCL 600.6304(1)(b)
provides that in personal injury actions involving the fault of more
than one person, the trier of fact must determine the plaintiff's
total damages and the percentage of fault attributed to all persons
involved, regardless of whether the persons were or could have
been named as parties to the action.

2. The court determined that Enertel had no legal duty to the
plaintiff because the condition of the sidewalk was open and obvi-
ous. Absent a legal duty to the plaintiff, Enertel could not be
named as a nonparty at fault.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Michael J. Cunningham*), for Betty J. Jones.

*Garan Lucow Miller, P.C.* (by *Rosalind Rochkind*
and *Roger A. Smith*), for the city of South Lyon.

Before: JANSEN, P.J., and HOLBROOK, JR., and COOPER, JJ.

PER CURIAM. In this premises liability action involving a slip and fall, defendant city of South Lyon appeals by leave granted the trial court's order denying its motion to name Enertel, Inc., a nonparty at fault. We affirm.

Plaintiff alleged that she tripped and fell on a sidewalk located within South Lyon. According to plaintiff, Enertel had recently replaced the sidewalk in question under a contract to install fiber optic cable for Ameritech, Inc. Plaintiff claimed that the newly installed concrete slabs sank below the level of the adjoining slabs, creating an uneven and hazardous surface. Plaintiff further asserted that South Lyon was informed of the problem well before her accident. She alleged that defendants negligently, carelessly, and improperly maintained and constructed the sidewalk.

Both Enertel and South Lyon moved for summary disposition on the ground that the danger was open and obvious. While the trial court granted Enertel's motion, it denied South Lyon's motion, citing *Haas v Ionia*, 214 Mich App 361; 543 NW2d 21 (1995), because a municipality cannot rely on the open and obvious danger defense where liability is premised on a failure to repair its sidewalk.[1] After the trial court denied its motion, South Lyon requested permission

---

[1] We note that the Michigan Supreme Court upheld the trial court's denial of South Lyon's motion for summary disposition in *Jones v Enertel, Inc*, 467 Mich 266; 650 NW2d 334 (2002), following the Court of Appeals denial of South Lyon's interlocutory application for leave to appeal the trial court's denial of the motion. Unpublished order of the Court of Appeals, entered June 12, 2001 (Docket No. 233814).

to identify Enertel, under MCR 2.112(K), as a non-party at fault and the trial court granted this request at the conclusion of the hearing. However, plaintiff subsequently objected to Enertel being named a non-party at fault and filed a motion to set aside the trial court's order. Plaintiff asserted that naming Enertel a nonparty at fault would be inconsistent with the trial court's determination that Enertel had no duty because of the open and obvious danger doctrine. The trial court agreed and set aside its previous order.

On appeal, South Lyon contends that Michigan's several liability system permits it to name Enertel as a potential nonparty at fault. South Lyon argues that the fact that Enertel was previously dismissed from the lawsuit under the open and obvious doctrine does not preclude the trial court from apportioning fault to Enertel under MCL 600.6304(8). We disagree. A trial court's decision to grant relief from a judgment is reviewed for an abuse of discretion. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999). However, issues involving statutory interpretation are reviewed de novo on appeal as issues of law. *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 250; 632 NW2d 126 (2001).

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Hinkle v Wayne Co Clerk*, 245 Mich App 405, 414; 631 NW2d 27 (2001). The Legislature is presumed to intend the meaning it plainly expressed. *Guardian Photo, Inc v Dep't of Treasury*, 243 Mich App 270, 276-277; 621 NW2d 233 (2000). "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would

render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). However, when the language of the statute is clear and unambiguous, judicial construction is neither required nor permitted. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

The common-law doctrine of joint and several liability among multiple tortfeasors was replaced with the doctrine of several liability as a result of Michigan's 1995 tort reform legislation. *Smiley v Corrigan*, 248 Mich App 51, 53; 638 NW2d 151 (2001); see also MCL 600.2956. As a result of the Legislature's "fair share liability" system, each tortfeasor is responsible for a portion of the total damage award according to their percentage of fault. *Smiley, supra* at 55. According to MCL 600.2957:

> (1) In an action *based on tort* or another legal theory seeking damages for personal injury, . . . the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
>
> *    *    *
>
> (3) Sections 2956 to 2960 do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be intro-

duced as evidence of liability in another action. [Emphasis added.]

Thus, under MCL 600.2957(1), the trier of fact in a tort action must allocate liability among those at fault.

MCL 600.6304(1)(b) further provides that in personal injury actions involving the fault of more than one person, the trier of fact must specifically determine the plaintiff's total damages and the percentage of fault attributed to all persons involved, "regardless of whether the person was or could have been named as a party to the action." Under MCL 600.6304(8), " 'fault' includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party."

South Lyon asserts that it would have been able to name Enertel as a potential nonparty at fault if Enertel had been previously dismissed because of release, the running of a period of limitation, or a doctrine of immunity. As such, South Lyon proposes that the open and obvious doctrine, while protecting Enertel from liability, should not preclude South Lyon from allocating damages that were attributable to Enertel. South Lyon claims that the summary disposition only established that Enertel had no duty to warn or protect plaintiff, but failed to specifically determine that it was without fault according to MCL 600.6304(8). South Lyon opines that fault in this case was established because Enertel's "conduct" was a proximate cause of plaintiff's injuries.

Fundamental principles of tort law require that the following be established to prove a prima facie negli-

gence claim: (1) a duty; (2) breach of that duty; (3) proximate cause; and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000); *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96, n 10; 485 NW2d 676 (1992). "It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 262; 571 NW2d 716 (1997). Consequently, a duty must first be proved before the issue of fault or proximate cause can be considered.

When addressing the issue of comparative negligence, the Supreme Court noted:

> "In a common law negligence action, before a plaintiff's fault can be compared with that of the defendant, it obviously must first be determined that the defendant was negligent. It is fundamental tort law that before a defendant can be found to have been negligent, it must first be determined that the defendant owed a legal duty to the plaintiff." [*Riddle, supra* at 99, quoting *Ward v Kmart Corp*, 136 Ill 2d 132, 145; 554 NE2d 223 (1990).]

The Court in *Riddle* further noted that the adoption of a comparative negligence doctrine does not act to create negligence where none existed before. *Riddle, supra* at 98, n 12. Similarly, a party adjudicated to be without fault may not have fault allocated to him under the guise of the doctrine of several liability. Such a result would be contrary to the basic principles of tort law.

The Michigan Supreme Court has determined that the open and obvious doctrine directly "attacks the duty element that a plaintiff must establish in a prima facie negligence case." *Id.* at 96. In the instant case, the trial court concluded that Enertel had no legal duty to plaintiff because the condition of the sidewalk

was open and obvious. Absent a legal duty to plaintiff, Enertel could not be named a nonparty at fault in this negligence action. Accordingly, we find no error in the trial court's decision.

Affirmed.