## *In re* WEBER ESTATE

Docket No. 237974. Submitted June 3, 2003, at Grand Rapids. Decided July 15, 2003, at 9:15 A.M.

Glenn Thomason, the life partner of decedent Charles Weber, filed a petition in the Allegan County Probate Court, Michael L. Buck, J., claiming he was entitled to all real and personal property in the decedent's estate, including the home where the petitioner and the decedent lived. The home was titled solely in the decedent's name. The decedent died intestate, and his estate was opened in September 2000. The estate sent a notice of disallowance of claim to the petitioner's counsel in March 2001, rejecting the petitioner's claims, and advising the petitioner that his claim would be barred unless a complaint was filed within sixty-three days under MCL 700.3806. The petitioner, although represented by counsel, did not file a claim within sixty-three days, but later retained new counsel who filed an amended petition in August 2001, well beyond the time limit. The petitioner filed a motion for an extension of the deadline to file his petition under MCL 700.3804(2), which the trial court denied, concluding that the facts did not warrant an extension in this case. The petitioner appealed.

The Court of Appeals *held*:

A claim that is disallowed by the personal representative of an estate is barred unless the claimant commences a proceeding against the personal representative within sixty-three days after the notice of disallowance is mailed. MCL 700.3806(1). MCL 700.3804(2) provides an exception to this rule, where "to avoid injustice, the court, on petition, may order an extension of the sixty-three day period." The plain language of the statute indicates that the probate court may grant an extension, but it is not required to do so, even if an injustice would result. The petitioner argues that the probate court should only consider the merits of a claim and not whether there was "good cause" for the late filing in determining whether to grant the extension. This argument is unsupported by authority, and although the statute is silent regarding what information a probate court may consider in reaching its decision, it matters not in this case because the record supports the probate court's conclusion that the extension was unnecessary.

The petitioner was represented by counsel, and knew that his claim to the home was disputed given his forced eviction from the home. There is no will or other document showing that the decedent intended that the home be transferred to the petitioner, and it is therefore likely that the petitioner's claim to the home would be denied. To the extent the petitioner made contributions to the relationship, monetary or otherwise, these contributions are presumed to be gratuitous given the petitioner and the decedent's relationship. Finally, the decedent made other specific provisions for the care of the petitioner. There is no evidence that the probate court abused its discretion in denying the motion.

Affirmed.

*Scott E. Pederson* for the petitioner.

*Antkoviak & Antkoviak, P.C.* (by *Matthew Antkoviak*), for the respondent.

Before: SMOLENSKI, P.J., and COOPER and FORT HOOD, JJ.

PER CURIAM. Petitioner-appellant Glenn Thomason appeals as of right from the probate court's October 26, 2001, order denying his motion for an extension to file a claim against respondent-appellee estate of Charles A. Weber, pursuant to MCL 700.3804(2). We affirm.

We are asked to determine whether the probate court abused its discretion when it concluded that the surrounding facts and circumstances did not merit granting petitioner an extension to file a claim under MCL 700.3804(2). The probate court held that the equities of the case did not justify an extension to avoid injustice. On the record presented, we agree.

Charles Weber and petitioner lived together for twenty-eight years as life partners. According to petitioner, he lived with Mr. Weber at 3568 12th Street, Wayland, Michigan, from 1986 until Mr. Weber's death in 2000. Mr. Weber and his sister, Rosemary Hall,

inherited this property from their mother upon her death in 1991. Later that year, Mr. Weber acquired Ms. Hall's interest in the home. Mr. Weber died intestate on July 2, 2000, with Ms. Hall as his sole heir at law.

Ms. Hall petitioned the court to open an estate on September 25, 2000. On October 19, 2000, petitioner filed a statement and proof of claim alleging entitlement to all real and personal property in the estate. Respondent objected to petitioner's claim for the house because Mr. Weber was the only individual named on the title of the property. Petitioner was subsequently evicted from the home around January 1, 2001. On March 22, 2001, respondent mailed a notice of disallowance of claim to petitioner's counsel stating that his entire claim would be barred unless a complaint was filed within sixty-three days. Petitioner's attorney at the time did not proceed with litigation on the original claim. Petitioner eventually retained new counsel and filed an amended petition in August 2001. It is undisputed that the amended petition was filed beyond the statutory deadline. Counsel for petitioner filed a motion for an extension of the deadline under MCL 700.3804(2), which the probate court denied.

A probate court's substantive decisions, including whether to close a probate hearing, are reviewed for an abuse of discretion. *In re Rice Estate*, 138 Mich App 261, 270; 360 NW2d 587 (1984); *In re Hatjioannou Estate*, 101 Mich App 370, 374; 300 NW2d 569 (1980). An abuse of discretion will be found where a result "is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Churchman v Rickerson*, 240 Mich App 223,

233; 611 NW2d 333 (2000). However, because statutory interpretation involves questions of law, we review such issues de novo. *Jones v Enertel, Inc,* 254 Mich App 432, 434; 656 NW2d 870 (2002).

The primary goal when interpreting statutes is to ascertain and give effect to the intent of the Legislature. *Id.* Statutory language should be construed reasonably and in accord with the purpose of the statute. *Draprop Corp v Ann Arbor,* 247 Mich App 410, 415; 636 NW2d 787 (2001). "If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written." *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002). If a term is not defined in a statute, a court may consult dictionary definitions. *Koontz v Ameritech Services, Inc,* 466 Mich 304, 312; 645 NW2d 34 (2002).

A claim that is disallowed by the personal representative is barred unless the claimant commences a proceeding against the personal representative within sixty-three days after the notice of disallowance is mailed. MCL 700.3806(1). However, MCL 700.3804(2) provides an exception to this rule. Specifically, MCL 700.3804(2) provides that

> if a claim is presented under subsection (1)(a), a proceeding on the claim *shall* not be commenced more than 63 days after the personal representative delivers or mails a notice of disallowance to the claimant. For a claim that is not presently due or that is contingent or unliquidated, the personal representative may consent to an extension of the 63-day period or, *to avoid injustice,* the court, on petition, *may* order an extension of the 63-day period, but an extension shall not be consented to or ordered if the extension would run beyond the applicable statute of limitations. [Emphasis added.]

It is undisputed that petitioner in the instant case failed to file his petition within the sixty-three day limit. In such situations, the statute indicates that a probate court "may" grant an extension in order to avoid injustice. MCL 700.3804(2). The use of the word "shall" constitutes clear language designating a mandatory course of conduct, *Roberts, supra* at 65; whereas, the term "may" presupposes discretion and does not mandate an action. *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003). Thus, according to the plain language of MCL 700.3804(2), the probate court is not required to grant an extension on an untimely claim even if injustice would result. In other words, the decision to grant an extension lies solely within the discretion of the probate court.

The Legislature did not define the term "injustice" as it relates to MCL 700.3804(2). However, pursuant to the *Random House Webster's Unabridged Dictionary* (1998), "injustice" is defined as the "violation of the rights of others, unjust or unfair action or treatment." Petitioner suggests that in determining whether injustice would occur, the probate court should only consider the merits of a claim and not whether there was "good cause" for the late filing. However, petitioner failed to cite any authority to support this argument. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 57; 649 NW2d 783 (2002) (explaining that a party may not leave it to this Court to search for authority to support its claim). The statute is silent with regard to the information a probate court may consider in reaching a decision on this issue.

Regardless, the record supports the probate court's decision that an extension in this case was unnecessary. Petitioner was represented by counsel throughout the proceedings. The petitioner was also aware that his claim to the property was disputed, as he was evicted from the home. Further, petitioner admitted that there was no will or any other written document evidencing an intent that the house be transferred to petitioner upon Mr. Weber's death. See MCL 700.2514; *In re McKim Estate*, 238 Mich App 453, 456-459; 606 NW2d 30 (1999) (holding that an oral agreement to provide for someone in a will should only be considered if there is an actual will citing the contract or a writing to that effect signed by the decedent). Thus, any claim against the house by petitioner would likely be denied. To the extent petitioner made monetary or other contributions toward the relationship, these contributions are presumed to be gratuitous given the nature of the parties' relationship and the lack of evidence of any express expectations of compensation to the contrary. See *Featherston v Steinhoff*, 226 Mich App 584, 589; 575 NW2d 6 (1997); *In re Lewis Estate*, 168 Mich App 70, 75; 423 NW2d 600 (1988). Moreover, while it is clear there was no provision made for petitioner with regard to the home, there were other provisions, such as joint accounts and investments, in place to provide for him upon Mr. Weber's death. Accordingly, we find no evidence that the probate court abused its discretion in denying petitioner's motion.

Affirmed.