*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL GRUBER,

        Plaintiff-Appellant,

v

WOLF CREEK PRODUCTIONS, INC., THOMAS
W. NICHOLS, MICHAEL SHERRILL, and
THOMAS NELSON,

        Defendants-Appellees.

UNPUBLISHED
January 06, 2025
1:53 PM

No. 367539
Shiawassee Circuit Court
LC No. 22-006479-CB

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff, Michael Gruber, asks this Court to reverse the trial court's denial of his motion against defendants, Wolf Creek Productions, Inc., Thomas Nichols, Michael Sherrill, and Thomas Nelson, for attorney fees he incurred after the arbitration panel issued its remedial award. We hold that the trial court did not abuse its discretion in denying Gruber's requested attorney fees and, therefore, we affirm.

## I. FACTUAL BACKGROUND

On May 31, 2016, the individual defendants, Nichols, Sherrill, and Nelson, terminated Gruber from his position as an employee and board member of defendant Wolf Creek, which is a company that produces television shows about hunting and fishing. Gruber's termination stemmed from his receipt of part of a "finder's fee" for Wolf Creek to produce a season of a show for the Professional Sporting Clay Association. Defendants claimed that Gruber's termination was "for cause" because he breached his employment agreement and covenant not to compete. Gruber disagreed and filed an action for wrongful termination that was ultimately moved to arbitration.

Section 9 of the employment agreement between Gruber and Wolf Creek provided as follows:

    <u>Arbitration.</u> At the election of EMPLOYER only, any claims, causes of action, or demands of whatsoever kind or nature between the parties hereto arising

-1-

out of this Agreement, shall be settled in accordance with the rules, then in effect, adopted by the American Arbitration Association, including, but not limited to, any claims by EMPLOYEE (i) for wrongful termination pursuant to this Agreement, (ii) claims of fraud, misrepresentation, breach of warranty and negligence, or (iii) claims for damages for breach of this Agreement.

Section 10(G) of the employment agreement provided the following:

> Expenses on Breach.   In the event that any party is required to enforce any of the terms, covenant and conditions of this Agreement, whether by way of litigation or through arbitration as in this Agreement provided, and the other party is found to be in breach or default hereof, then the non-breaching party shall be entitled to reimbursement of all costs and expenses incurred in connection with such enforcement including reasonable attorney and consultant fees.

The arbitration panel issued an opinion and award in favor of Gruber, leaving its determination of an appropriate remedy for a later date.

Defendants moved to vacate or modify the arbitration award, which the trial court denied. Defendants then appealed that ruling to this Court and, on January 24, 2019, this Court affirmed the trial court's ruling upholding the arbitration opinion and award in *Wolf Creek Production, Inc v Gruber*, unpublished per curiam opinion of the Court of Appeals, issued January 24, 2019 (Docket No. 342146) (*Wolf Creek I*).

Following this Court's decision in *Wolf Creek I*, the trial court remanded the case to the arbitration panel to determine a remedy for Gruber's wrongful discharge. The arbitration panel issued a unanimous remedial order along with a memorandum, stating that it found in favor of Gruber on most, but not all issues. Specifically, paragraph 5 of the remedial order stated the following regarding attorney fees:

> In accordance with Sections 9 and 10(G) of the Employment Agreement, Defendants shall reimburse Plaintiff for fees charged to plaintiff by Plaintiff's attorney, Michael Behan, in the prosecution of this case in the amount of $98,344. As of the issuance of this Award, those fees amount to $103,520, but inasmuch as there were aspects of the litigation in which Plaintiff did not prevail, the Panel has, in its discretion, reduced Plaintiff's attorney fee award by five percent (5%) to $98,344. No fees are awarded to Wolf Creek.

The memorandum accompanying the remedial order further explained as follows:

> Paragraph 5 of the Remedial Order deals with attorney's fees. As the prevailing party and non-breaching party, Gruber is entitled under Section 9 and (10)(G) of his Employment Agreement to an award of attorney fees. His lawyer, Michael Behan, has advised that his hourly rate is $200 per hour for this matter, which the Panel finds reasonable and consistent with standard practice in similar

litigation in mid-Michigan. Behan has represented that he has, to date, expended 517.6 billable hours in representing Gruber in this matter for a total of $103,520, which we also find to be reasonable given the complexity of this case. We acknowledge there were aspects of the litigation in which Gruber did not prevail, including, but not limited to Gruber's effort to avoid arbitration. For this reason, the Panel has, in its discretion, reduced Gruber's attorney fee award by five percent (5%), to $98,344.

Although Wolf Creek prevailed on certain issues, including, but not limited to arbitrability, we decline to award attorney fees to Wolf Creek or the named shareholders on these issues. After due consideration of this issue, and applying the discretion expressly granted us in the Employment Agreement at Section 9, we conclude that an award of fees to Wolf Creek is not warranted. As was stated in the Opinion and Award, Wolf Creek was the breaching party, and it is Gruber, not Wolf Creek, that has prevailed on the issues central to this case.

Defendants filed a complaint to vacate or modify the arbitrators' remedial order pursuant to MCR 3.602, but failed to file a motion with it. On July 21, 2021, the trial court issued an order involuntarily dismissing defendants' complaint because they did not timely file a motion to modify or vacate the remedial order. Defendants moved for relief from the order and asked the trial court to reinstate the case but, on September 16, 2021, the trial court entered a final opinion and order denying defendants' motion. Specifically, the trial court ruled that defendants failed to move for reconsideration under MCR 2.119(F), and also could not show a valid ground for relief from judgment under MCR 2.612(C)(1).

Defendants then appealed both the trial court's orders and, on January 19, 2022, Gruber filed a complaint and a motion to confirm the arbitrators' remedial order in the trial court under MCR 3.602(I), which allows a party to move for confirmation within one year of an arbitration award. Gruber's complaint and motion asked that the court confirm the arbitrators' February 8, 2021 remedial order, but neither requested attorney fees and costs incurred after the issuance of the remedial order.

On March 3, 2022, defendants moved the trial court to dismiss Gruber's complaint for confirmation pending the outcome of their appeal of the trial court's previous decisions. Thereafter, defendants also challenged Gruber's request that the trial court confirm the arbitrators' remedial order. In response, Gruber argued that, because the arbitration panel determined that defendants wrongfully terminated his employment, and because defendants profited from their decision, they violated MCL 450.1489(3) through willfully unfair and oppressive shareholder conduct, and the arbitration panel had the authority to issue any appropriate remedy. Gruber further argued that, because the arbitration panel properly granted him relief within its authority, the trial court should confirm the remedial order.

The trial court stayed all proceedings pending this Court's decision on defendants' appeal of the trial court's dismissal of their complaint to vacate the arbitrators' remedial award. On September 29, 2022, this Court issued an opinion affirming the dismissal of defendants' case and upheld the arbitrators' remedial order in *Wolf Creek Production, Inc v Gruber*, unpublished per

curiam opinion of the Court of Appeals, issued September 29, 2022 (Docket No. 358559) (*Wolf Creek II*).

On April 10, 2023 Gruber filed a motion in the trial court pursuant to MCL 691.1705, and argued that the trial court should award him reasonable attorney fees because he prevailed in confirming the arbitration award and because defendants engaged in unnecessary legal actions to delay payment of the arbitration award. In response, defendants argued that Gruber failed to properly support his motion, Gruber was not entitled to additional attorney fees under MCL 691.1705, and that Gruber should have sought the fees through a motion to amend the arbitrators' remedial order. In reply, Gruber cited *D'ann De Simone v Barberio*, unpublished per curiam opinion of the Court of Appeals, issued July 1, 2021 (Docket No. 351424), and argued that, if a contract provision states that the prevailing party is entitled to reasonable attorney's fees, it includes fees related to all proceedings.

On August 7, 2023, the trial court issued an order which, among other rulings unrelated to this appeal, denied Gruber's motion for attorney fees incurred following the arbitrators' remedial order. This appeal followed.

II. ANALYSIS

Gruber argues that the trial court erred by denying his motion for attorney fees incurred after the arbitrators' February 8, 2021 remedial order. We disagree.

A. STANDARDS OF REVIEW

We review a trial court's award of attorney fees for an abuse of discretion. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. We review questions of law de novo. *Id*. Moreover, we review the trial court's related factual findings for clear error. *Sulaica v Rometty*, 308 Mich App 568, 586; 866 NW2d 838 (2014).

B. DISCUSSION

As discussed, Gruber cited MCL 691.1705 in his motion for attorney fees and costs that he incurred in bringing his motion for attorney fees and for subsequent judicial proceedings. MCL 691.1705 provides as follows:

> (1) On granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment that conforms with the order. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
>
> (2) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
>
> (3) On request of a prevailing party to a contested judicial proceeding under section 22, 23, or 24, the court may add reasonable attorney fees and other

-4-

> reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

In its August 7, 2023 order, the trial court ruled that, pursuant to MCL 691.1705, Gruber's request for attorney fees was within the trial court's discretion, and that his motion was "cursory" and did not persuade the court that it should award him attorney fees in addition to those awarded by the arbitration panel.

Gruber maintains that the arbitrators concluded that defendants should reimburse his attorney fees pursuant to §§ 9 and 10(G) of the employment contract, and that those sections were intended to make whole the party prevailing at arbitration. According to Gruber, he asserted his statutory and contractual rights to attorney fees, and the trial court should have followed the reasoning in *De Simone*, unpub op at 3. Gruber further maintains that the trial court should have exercised its discretion under MCL 691.1705 to grant his requested attorney fees, especially because this Court ultimately upheld the arbitrators' remedial order in *Wolf Creek II*.

In *De Simone*,[1] D'Ann De Simone hired defendant Daniel Barberio, doing business as Barberio Builders, to complete renovations on her home, but De Simone refused to pay Barberio's final invoice, claiming that Barberio overcharged her. *De Simone*, unpub op at 1. The parties initially submitted the case to arbitration, but before it was completed, De Simone filed a complaint in circuit court against Barberio claiming that the construction contract between them was void. *Id*. at 2. Barberio filed a counterclaim against De Simone for breach of contract, seeking the unpaid balance for construction work performed, and also for attorney fees and costs. *Id*. The trial court dismissed De Simone's claim and ruled that De Simone breached the contract by failing to pay the balance she owed. *Id*. But the trial court declined to decide Barberio's request for attorney fees because the amount in controversy, other than attorney fees, fell below the circuit court's jurisdictional limit, and the court directed that the matter be transferred to the district court. *Id*.

The district court ruled in favor of Barberio as did the circuit court in De Simone's appeal, and she then appealed the case to this Court. *Id*. This Court remanded the case to the circuit court for trial, holding that the circuit court never should have moved the case to district court because the district court lacked subject-matter jurisdiction. *Id*. After Barberio prevailed at trial, and the court found that De Simone breached the contract and owed Barberio the unpaid balance for the construction work, the circuit court awarded Barberio attorney fees, but for only the proceedings that were held before the circuit court, not any proceedings that occurred before the district court or this Court. *Id*. at 2-3. This Court ultimately held that the circuit court, after fully litigating the case and finding that De Simone breached the construction contract, was required, per the contract between the parties, to award Barberio all attorney fees and costs, and that the circuit court erred

---

[1] Although unpublished opinions of this Court are not binding, they may be considered for their persuasive value. MCR 7.215(C)(1); *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

by limiting the amount of attorney fees awarded to Barberio under the contract to those incurred in connection with the circuit court proceedings. *Id*. at 3.

Unlike *De Simone,* this case was not litigated by the courts because it was fully adjudicated before the arbitration panel. The arbitration proceedings resulted in an opinion and award in favor of Gruber, and a remedial award and memorandum finding that Gruber prevailed on the central issues, but not on all the issues in the case. The arbitration panel awarded Gruber attorney fees and costs accordingly, pursuant to the contract between Gruber and Wolf Creek. The trial court correctly declined to interfere with the award because courts may not substitute their judgment for that of arbitrators. See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

As this Court explained in *Wolf Creek II*, unpub op at 5, in the present case, "[t]he parties fully and extensively litigated the wrongful termination issue before an arbitration panel. After losing in arbitration, [defendants] appealed to the trial court, then to this Court. And the parties also fully and extensively litigated the issue of the remedy for the wrongful termination before the same arbitration panel, which then rendered a unanimous award." The arbitration panel did award Gruber attorney fees and costs pursuant to § 10(G) of his employment contract which, as noted, provided that "the non-breaching party shall be entitled to reimbursement of all costs and expenses incurred in connection with such enforcement including reasonable attorney and consultant fees." The arbitration panel's memorandum accompanying the remedial order explained that Gruber's attorney fees were reasonable, but reduced the full amount by 5% because Gruber did not prevail on all disputed issues. If the arbitration panel intended for Gruber to recover more attorney fees, including attorney fees and costs that Gruber might incur after the issuance of the remedial award, it could have stated that in its remedial order and accompanying memorandum, rather than reducing his award by 5%. Again, it is not for courts to substitute their judgment for the judgment of the arbitrators. *Gordon Sel-Way*, *Inc*, 438 Mich at 497.

Because *De Simone* is not similar to this case, we are not persuaded that its reasoning applies. Further, in this case, because the arbitration panel did follow §§ 9 and 10(G) of the parties' employment contract, and recognized that Gruber was mainly, but not entirely, successful in the proceedings, we disagree with Gruber's argument that he was contractually entitled to additional attorney fees.

Gruber also moved for attorney fees pursuant to MCL 691.1705, which, as noted, states that "[a] court *may* allow reasonable costs of the motion [to confirm an arbitration award] and subsequent judicial proceedings," and that "the court *may* add reasonable attorney fees and other reasonable expenses of litigation *incurred in a judicial proceeding after the award is made to a judgment confirming*, vacating without directing a rehearing, modifying, or correcting an award." MCL 691.1705(2) and (3) (emphasis added).

The primary goal of statutory interpretation is to give effect to the Legislature's intent as conveyed by the plain language of the statute. *Kemp v Farm Bureau Gen Ins Co*, 500 Mich 245, 252; 901 NW2d 534 (2017). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. In this case, the trial court correctly emphasized that "[t]he use of the word "may" indicates that such an award is discretionary." See *In re Weber Estate*, 257 Mich App 558, 562; 669 NW2d 288

(2003). Therefore, according to the plain language of MCL 691.1705, it was within the trial court's discretion to grant or deny Gruber attorney fees and costs that he incurred in moving to confirm the arbitration award, as well as any fees incurred in proceedings occurring after confirmation of the award.

Gruber moved for confirmation of the arbitrators' remedial award on January 19, 2022. Although he asserts on appeal that he also sought reasonable attorney fees after the February 8, 2021 remedial award, neither his complaint nor his motion actually requested attorney fees for bringing the motion, or any other fees or costs incurred after the issuance of the remedial award. The trial court stayed Gruber's motion for confirmation on August 17, 2022, and this Court issued its decision upholding the arbitrators' remedial award on September 29, 2022. Gruber submitted his motion for attorney fees pursuant to MCL 691.1705 to the trial court on April 10, 2023, and requested fees for bringing the motion, and for any subsequent judicial proceedings. The trial court ultimately confirmed the arbitration panel's remedial award in its August 7, 2023 final order. To the extent that Gruber sought attorney fees that he incurred before raising his confirmation motion before the trial court, he was not entitled to those fees under the plain language of MCL 691.1705. To the extent Gruber sought attorney fees for bringing his motion for confirmation before the trial court and for subsequent proceedings, those fees were permitted under MCL 691.1705, but only at the trial court's discretion, and the trial court found that Gruber's motion was cursory and unpersuasive.

The trial court did not clearly err in making this finding, and it did not abuse its discretion in denying the motion for that reason. In his April 5, 2022 brief in reply to defendants' opposition to his motion to confirm, Gruber simply stated, without argument or support, that he should be allowed attorney fees he incurred to collect the arbitration award. Gruber then filed his April 10, 2023 motion based on MCL 691.1705, and stated that defendants caused him to incur legal fees. Finally, in his April 18, 2023 reply to defendants' brief opposing his motion for attorney fees, Gruber attached this Court's unpublished opinion in *De Simone* as support which, as discussed, is plainly distinguishable from the facts of this case and is not binding as an unpublished opinion.

Further, the party seeking attorney fees has the burden of proving the reasonableness of the fees sought. *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008). As defendants correctly assert, Gruber's motion for attorney fees failed to provide supporting information, including the specific amount requested, what fees were incurred and when, and the terms of the fee agreement between Gruber and his counsel. Gruber also failed to submit an affidavit from an expert or lay person explaining why the requested fees were reasonable or necessary. Because Gruber made cursory assertions regarding his entitlement to attorney fees without legal or evidentiary support, the trial court did not abuse its discretion by denying Gruber's request under MCL 691.1705.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Kristina Robinson Garrett