The RESOLUTION TRUST
CORPORATION,
Plaintiff,

v.

DELOITTE & TOUCHE,
et al., Defendants.

No. 92–C–408.

United States District Court,
D. Colorado.

April 13, 1993.

See also 145 F.R.D. 108.

Timothy Rastello, Denver, CO, for plaintiff.

Edwin S. Kahn, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Resolution Trust Corporation (RTC), the receiver of Otero Savings & Loan Association (Otero), filed this action against the defendant Deloitte & Touche (Deloitte), asserting claims of negligence and spoliation of evidence. Pursuant to Colo.Rev.Stat. § 13–21–111.5(3)(b) (1992 Cum.Supp.), Deloitte filed a notice of designation of nonparties wholly or partially at fault for Otero's losses. RTC has moved to strike that designation. Deloitte has responded by opposing the motion.

Both sides have fully briefed the issues and oral argument would not materially assist the decision process. Jurisdiction exists under 12 U.S.C. § 1441a(a)(11).

### I. *BACKGROUND.*

This negligence action is brought under Colorado law. Colo.Rev.Stat. § 13–21–111.5 provides that in a civil liability action

"no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury...."

Subsection (3)(b) of § 13–21–111.5 provides: "Negligence or fault of a nonparty may be considered if ... the defending party gives notice that a nonparty was wholly or partially at fault...."

RTC maintains that Deloitte is liable to RTC for allegedly faulty audit reports that resulted in losses to Otero. RTC has identified more than 200 transactions in which losses occurred. Pursuant § 13–21–111.-5(3)(b), Deloitte submitted a notice of designation to RTC naming more than 400 persons as nonparties allegedly at fault. RTC has moved to strike the designation on three grounds, each of which will be considered in turn.

### A. *The Applicability of § 13–21–111.5(3)(b).*

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[1] The *"Erie* doctrine," as it has come to be known, has been interpreted to mean that federal courts are to apply state substantive law, but federal procedural law. *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). RTC argues that subsection (3)(b) of § 13–21–111.5 is procedural and therefore is displaced by the third party procedures outlined in Fed.R.Civ.P. 14, 19 and 20. The court disagrees.

"The *Erie* rule is rooted in part in a realization that it would be unfair for the character or result of litigation materially to differ because the suit had been brought in a federal court." *Hanna,* 380 U.S. at 467, 85 S.Ct. at 1141.

There is no question that impleading 400 parties who may be responsible for Otero's alleged injury would significantly change the character of a litigation that currently is limited to two parties.

---

1. Jurisdiction here is not founded upon diversity, but upon 12 U.S.C. § 1441a(a)(11). Nonetheless, the rule of *Erie* would apply because the case is predicated upon state law claims.

It must be remembered that the twin aims of *Erie* were to discourage forum shopping and avoid inequitable administration of justice. *Hanna*, 380 U.S. at 468, 85 S.Ct. at 1142. Here RTC has chosen to bring state law claims in federal court. There is no question that had RTC brought these claims in state court, § 13–21–111.5(3)(b) would have applied. Granting RTC's request would only encourage the forum shopping and uneven application of law that *Erie* sought to avoid. The court notes that other federal courts of this district have recognized and applied the designation provision. See e.g. *Federal Deposit Insurance Corporation v. Isham*, 782 F.Supp. 524 (D.Colo.1992); *Watters v. Pelican Int'l., Inc.*, 706 F.Supp. 1452 (D.Colo.1989). I see no reason to depart from past practice in this district. Deloitte is not prevented from invoking Colo.Rev.Stat. § 13–21–111.5(3)(b).

B. *The Legal Propriety of Deloitte's Designation.*

RTC maintains that the persons named in Deloitte's notice of designation are improper nonparty designees as a matter of law. RTC's argument is supported by *Fullmer v. Wohlfeiler & Beck*, 905 F.2d 1394 (10th Cir. 1990). In *Fullmer*, investors, who were also officers, of a business brought a malpractice action against the business' auditor alleging that negligently performed audits caused them to suffer losses. *Id.* at 1395. The defendants argued that the plaintiffs would have avoided many of their losses had they given appropriate attention to the business. *Id.* at 1397. The trial judge rejected the defendant's argument stating:

"[M]y opinion is that plaintiffs' negligence in an accounting malpractice case is only a defense, or the basis for an offset, where the plaintiffs' conduct has contributed to the accountant's failure to perform his work or to his failure to furnish accurate accounting information." *Id.*

The Tenth Circuit affirmed, deferring to the trial court's familiarity with Utah law which the court acknowledged to be unsettled. *Id.* at 1399.

Contrary to RTC's assertion, this case is not "governed" by Fullmer. As pointed out above *Fullmer* was based on Utah law. This case is governed by Colorado negligence law,

and Colorado negligence law is controlled by the General Assembly's statement that "no defendant shall be liable for an amount greater than that represented by the ... percentage of ... fault attributable to such defendant that produced the claimed injury." § 13–21–111.5. Application of the *Fullmer* rule would effectively abrogate this clear statement by Colorado's legislature as to how liability should be apportioned. This court is unwilling to make an exception to Colorado statutory law.

■ Under Colo.Rev.Stat. § 13–21–111.5, all that is required to diminish a defendant's liability is a showing that the nonparty's fault caused the plaintiff's "claimed injury." Therefore, Deloitte's designated nonparties are improper only if there is no substantial causal connection between the nonparties' alleged fault and Otero's alleged injury.

C. *The Factual Adequacy of Deloitte's Designations.*

Section 13–21–111.5(3)(b) provides in pertinent part:

"The notice [designating nonparties] shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."

■ Here Deloitte divided its designees into categories. Under each category, it listed the names of the designees; in one instance a page and a half of names single spaced from margin to margin. These lists are accompanied by general allegations intended to cover all the names on the list. There is no attempt to individualize the allegations or to connect each designee with the transactions to which he, she or it was allegedly a party. This is not adequate notice. The requisites of nonparty pleading have been clearly stated:

"[A] designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it.... At the very least, the des-

ignation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the nonparty's fault." *Isham*, 782 F.Supp. at 530.

I conclude that Deloitte's designation fails to comply with basic notice pleading requirements. A defendant designating non-party defendants must come forward with individual statements showing the basis for believing each nonparty to be at fault or provide an explanation why such particularity is not possible.

Accordingly IT IS ORDERED that RTC's motion to strike the defendant's designation of non-parties is granted; and the parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.