**GREENWICH INSURANCE COMPANY, as subrogee of Eenhoorn LLC, Plaintiff,**

v.

**Sean HOGAN and Andrew Mellema, Defendants.**

No. 1:04–CV–89.

United States District Court, W.D. Michigan, Southern Division.

Nov. 19, 2004.

Anthony John Morrone, Joseph G. Lyons, Cozen O'Connor, Chicago, IL, for Plaintiff.

Mark E. Fatum, Molly M. McNamara, Rhoades McKee, Kurt R. Killman, Strain Murphy & Vander Wal PC, Grand Rapids, MI, for Defendants.

### ORDER

BRENNEMAN, United States Magistrate Judge.

Plaintiff has filed a subrogation action against defendants for damages that re-

sulted from a fire in a sauna at the Plaza Towers Condominiums in Grand Rapids, Michigan. On May 25, 2004, defendant Sean Hogan filed a notice of non-party fault pursuant to Michigan Court Rules 2.112(K). In his notice of non-party fault, defendant Hogan claimed that Eenhorn, LLC, the owner of the health club in which the sauna was located, was wholly or partially at fault (1) "because it improperly managed or supervised this property inasmuch as its security guards had inspected the pool/sauna area after [defendants] departed the sauna, but failed to inspect the sauna room itself," and (2) "for failing to provide proper instructions or warnings concerning the proper and safe method for using the sauna, failing to supervise the activities of [defendants], failing to properly inspect and maintain the premises involved in this action, failing to place appropriate signage in the area or areas in question and by failing to act reasonably under the circumstances existing at the time of the event giving rise to this lawsuit."

On June 14, 2004, defendant Andrew Mellema also filed a notice of non-party fault, claiming: (1) that Plaza Towers Condominiums was wholly or partially at fault for failing to properly warn and instruct its residents and guests regarding the use of the sauna, and "may have failed to properly supervise the activities of the defendants, failed to properly inspect and maintain the locker room and at issue sauna room, and may have failed to act as a reasonable and prudent entity under the circumstances then and there existing at the time of the event in which the fire occurred;" (2) that "[t]he manufacturer of the sauna and/or heating element may be wholly or partially at fault in this case in that it may have failed to properly instruct and warn persons, particularly of tender years, in the proper method and safe operation of the at issue sauna;" (3) that Een-

horn, LLC, the owner, occupier, and maintainer of the health club premises "is wholly or partially at fault in this matter because it failed to properly manage, inspect, maintain, and supervise the property which allowed the interior of the sauna to go significant periods of time without inspection and/or supervision," that such activity may have contributed to the fire, that its activities were unreasonable and that the jury should apportion fault against it; and (4) that Patrick Cardenas, the security officer in charge of the maintenance and supervision of the locker room and sauna area on the night of the fire had the "responsibility to properly check, inspect, and remove towels from the locker room and sauna area," and his failure to do so was a proximate cause of plaintiff's damages.

■ This matter is now before the court on plaintiff's motions to strike defendants' notices of non-party fault (docket nos. 31 and 34). Plaintiff contends that the notices were filed pursuant to a state procedural rule that is inapplicable in the present federal court proceeding. Plaintiff's argument is based upon the well-known rule set forth in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that "a federal court sitting in diversity must apply state substantive law, and federal procedural law." *First Bank of Marietta v. Hartford Underwriters Insurance Co.*, 307 F.3d 501, 528 (6th Cir.2002). The twin aims of the so-called *Erie* rule are "discouragement of forum shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Thus, "[t]he *Erie* rule is rooted in part in the realization that it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court." *Id.* at 467, 85 S.Ct. 1136.

This is a tort action in which plaintiff alleges defendants were negligent. In the notices, defendants identify various non-parties that could be wholly or partially at fault for plaintiff's damages, including Eenhorn LLC. In 1995, the Michigan Legislature enacted tort reform that abolished joint and several liability among tortfeasors in actions involving personal injury, property damage or wrongful death involving the fault of more than one person. *See* MCL §§ 600.2956, 600.2957 and 600.6304; *Smiley v. Corrigan,* 248 Mich.App. 51, 55, 638 N.W.2d 151 (2001) (noting that MCL §§ 600.2956 abolished joint and several liability and replaced it with "fair share liability").

MCL § 600.2956 provides as follows:

> Except as provided in [MCL § 600.6304 [1]], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint. However, this section does not abolish an employer's vicarious liability for an act or omission of the employer's employee.

In cases involving "several" liability, MCL § 600.6304 provides that the factfinder "shall make findings" indicating both:

> (a) The total amount of each plaintiff's damages.
> (b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability ... regardless of whether the person was or could have been named as a party to the action.

MCL § 600.6304(1)(a) and (b). In determining the extent of fault under MCL § 600.6304(1)(b), "the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed." MCL § 600.6304(2).

Finally, MCL § 600.2957 authorizes the amendment of a complaint after the identification of non-party who may have been at fault:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL § 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
>
> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

MCL § 600.2957(1) and (2).

MCR 2.112(K)(3) and (4) provide the mechanism by which a defendant can give "notice of a claim that a nonparty is wholly or partially at fault", and the party served with the notice "may file an amended pleading stating that a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty." In *Veltman v. Detroit Edison Co.,* 261 Mich.App. 685, 683 N.W.2d 707 (2004), the court characterized MCR

---

1. The exception relates to medical malpractice. *See* MCL § 600.6304(4) and (6).

2.112(K) as a rule of procedure that was enacted to provide a procedural vehicle to enforce the objectives of Michigan's current scheme of "fair share liability":

> MCR 2.112(K) is a rule of procedure . . . promulgated in response to the Legislature's adoption of MCL 600.2957 and MCL 600.6304. MCR 2.112(K) concerns the procedural implementation of the elimination of joint liability, the reapplication of several liability, and the allocation of fault to a nonparty as provided in MCL 600.2957 and MCL 600.6304. The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding.

> If a party desires to take advantage of the limitations of the cited statutes, notice under the court rule is a prerequisite. MCR 2.112(K)(3)(a) provides, "[a] party against whom a claim is asserted *may* give notice of a claim that a nonparty is wholly or partially at fault." (Emphasis added.) The use of the term "may" in the court rule is permissive. The permissive nature of the rule is consistent with the right of a party to forgo fault allocation as provided in MCL 600.6304. MCR 2.112(K) provides plaintiff a shield from mandated allocation of fault without notice.

*Veltman,* 261 Mich.App. at 694–695, 683 N.W.2d 707.[2]

Although MCR 2.112(K) has been identified as a procedural rule, this court concludes that the rule is a necessary component of Michigan's statutory scheme of "fair share liability." The failure of this federal court to include the rule's notice provision as part and parcel of Michigan's substantive tort law would result in tort litigation differing materially depending on whether a suit was brought in state court or as a diversity action in federal court. Absent application of the rule, plaintiffs would have neither the benefit of the "shield" protecting them from the allocation of fault to a non-party without notice, nor the opportunity to amend the complaint to include those identified non-parties in a timely manner. The *Erie* doctrine is intended to discourage forum shopping and avoid the inequitable administration of justice, and to prevent the "character or result of a litigation materially to differ because the suit had been brought in a federal court." *Hanna,* 380 U.S. at 467–68, 85 S.Ct. 1136. Viewing MCR 2.112(K) as a purely procedural matter under the circumstances of this case, rather than as an integral part of Michigan's substantive tort law scheme, would promote the very forum shopping and inequitable administration of the laws *Erie* sought to avoid.

This ruling is consistent with decisions of other federal courts that have considered and adopted state procedural requirements for giving notice of non-party fault. *See, e.g., Wall v. Cherrydale Farms, Inc.,* 9 F.Supp.2d 784, 789 (E.D.Mich.1998) (finding that the "empty chair" provision of

---

2. Absent a federal question, the law to be applied in any particular case is the law of the state as declared in a statute or by its highest court. *See Erie,* 304 U.S. at 78, 58 S.Ct. 817; *Sommer v. Davis,* 317 F.3d 686, 694 (6th Cir.2003). Here, neither party has presented authority, and this court is aware of none, from the Michigan Supreme Court regarding the relationship between MCR 2.112(K) and

Michigan's "fair share liability" scheme. "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1485 (6th Cir.1989).

MCL § 600.2957 was constitutional and granting defendant leave to name a non-party at fault, although not mentioning MCR 2.112(K)); *Wester v. Crown Controls Corporation,* 974 F.Supp. 1284, 1286 (D.Ariz.1996) (where the Arizona tort scheme allowed defendant to designate a non-party at fault and to argue that the non-party was responsible for all or part of the alleged negligence, federal court found that failure to apply state rule requiring notice of non-party at fault "would encourage forum shopping and foster inequity"); *The Resolution Trust Corporation v. Deloitte & Touche,* 818 F.Supp. 1406, 1407–08 (D.Colo.1993) (court found that Colorado statutory requirement that allowed non-party's fault to be considered if defendant gives notice of the non-party's fault applied in federal suit, noting that failure to apply the non-party fault notice provision "would only encourage the forum shopping and uneven application of law that *Erie* sought to avoid"). *Cf. Karadshi v. Abana Pharmaceuticals, Inc.,* No. C.A. 98–20041, MDL 1203, 1998 WL 229764 (E.D.Pa. April 29, 1998) (in case applying Michigan law, court granted the parties' stipulation extending the time when defendants were required to file their notice of non-party fault under the Michigan Court Rules).

Plaintiff's motions to strike defendants' notices of non-party fault (docket nos. 31 and 34) are DENIED.

**IT IS SO ORDERED.**