KOPP v ZIGICH

Docket No. 254155. Submitted September 6, 2005, at Detroit. Decided
     September 22, 2005, at 9:05 a.m.

     Aaron J. Kopp brought an action in the Lapeer Circuit Court against
     Mark and Renee Zigich, seeking damages for injuries he sustained
     at the defendants' residence when he slipped on dog feces while
     working for his employer delivering a hot tub. The Zigiches filed a
     notice identifying the plaintiff's employer as a nonparty at fault,
     alleging improper training of the plaintiff by his employer. The
     court, Nick O. Holowka, granted the plaintiff's motion to strike the
     notice, ruling that fault cannot be apportioned under MCL
     600.2957 and 600.6304 in the absence of a duty and that the
     plaintiff's employer did not owe the plaintiff a duty because
     workers' compensation is the plaintiff's exclusive remedy against
     his employer. The defendants appealed.

     The Court of Appeals held:

     Without regard to whether Kopp could collect from his
     employer for the injury except as provided in the Worker's
     Disability Compensation Act, MCL 418.101 et seq., the Zigiches
     were entitled to an apportionment of fault and damages be-
     tween the employer and themselves. The law requires that the
     liability of each person shall be allocated by the trier of fact,
     MCL 600.2957(1), regardless of whether the person was or could
     have been named a party to the action, MCL 600.6304(1)(b).
     This allocation requires only proof of proximate cause, not of a
     duty that was breached. The defendants are entitled to argue to
     the jury that the plaintiff's employer may be at fault for
     plaintiff's injuries, and the jury must assess fault in accordance
     with MCL 600.2957 and 600.6304.

     Reversed and remanded for further proceedings.

NEGLIGENCE — PERSONAL INJURY — EMPLOYERS — NONPARTY LIABILITY.

     An employer may be a proper nonparty at fault to whom liability
     may be allocated in a premises liability action by its employee
     against a customer of the employer relating to personal injury
     sustained in the course of employment (MCL 600.2957, 600.6304).

*Michael G. Kelman, P.C.* (by *Brian L. Fantich*), for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Rosalind Rochkind*), for the defendants.

Before: JANSEN, P.J., WHITBECK, C.J., and MARKEY, JJ.

MARKEY, J. Defendants appeal by leave granted from the order of the Lapeer Circuit Court striking their notice of nonparty at fault. We reverse. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff was an employee of a company that sold and delivered hot tubs. While delivering a hot tub, plaintiff allegedly slipped on dog feces at a customer's residence and injured himself. Plaintiff sued the owners of the residence for damages based on premises liability, alleging negligence in maintaining their residence and in not warning him of known dangers.

Defendants filed a notice identifying plaintiff's employer, Master Spa or Pro Staffers (MSPS), as a nonparty at fault and alleging that the employer failed to properly train plaintiff in the delivery of hot tubs. Plaintiff moved to strike the notice. The trial court granted plaintiff's motion to strike. The court reasoned that a duty must exist before fault can be apportioned under the comparative fault statutes, MCL 600.2957 and 600.6304, and that plaintiff's employer did not owe plaintiff a duty because plaintiff's exclusive remedy against his employer (except for intentional torts) was under § 131 of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.* We disagree.

In tort actions for wrongful death, personal injury, or property damage, liability among multiple defendants is several. MCL 600.2956. Each defendant is liable only

for its "fair share" of a plaintiff's damages based on a proportional determination of its fault in causing plaintiff's injury. MCL 600.6304(4); *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245; 253; 600 NW2d 344 (2003). The plain language of MCL 600.2957(1) provides that "the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault." MCL 600.6304 requires either that the jury answer special interrogatories or that the judge first make findings of fact with regard to the total amount of a plaintiff's damages and then determine the percentage of the total fault of each person who contributed to the injury, "regardless of whether the person was or could have been named as a party to the action." MCL 600.6304(1)(b); see also MCL 600.2957(1). Under a plain reading of these statutes, a court is required to award damages based on a proportional determination of a defendant's fault in relation to the plaintiff's total damages caused by all persons who contributed to the injury. Accordingly, defendants must have the opportunity to name MSPS as a potential nonparty at fault and present evidence that MSPS contributed to plaintiff's injuries.

Further, a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated. The statutes only require proof of proximate cause. Fault is broadly defined as "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party." MCL 600.6304(8). Proximate cause consists of a "but for" cause in fact that results in a plaintiff's legally cognizable injury, and for which the law is willing to impose liability, usually

based on the foreseeability of the injury. *Lamp v Reynolds*, 249 Mich App 591, 599-600; 645 NW2d 311 (2002).

MSPS's alleged failure to train plaintiff may have contributed to plaintiff's injury as a "but for" cause in fact because plaintiff may not have been sufficiently aware that pet feces is a potential hazard. Further, the WDCA recognizes the employer's responsibility for its employee's work-related injuries, regardless of fault. *Herbolsheimer v SMS Holding Co, Inc*, 239 Mich App 236, 240; 608 NW2d 487 (2000); MCL 418.301. Thus, MSPS could be a proper nonparty at fault even though MSPS, as plaintiff's employer, could not be sued for negligence in its training or failure to properly train plaintiff because of the exclusive remedy provision of the WDCA.

Accordingly, defendants may argue to the jury that MSPS may be at fault for plaintiff's injuries, and the jury must assess the fault of the parties and the potential nonparty at fault in accordance with MCL 600.2957 and MCL 600.6304.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.