**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Clifford W. Taylor      Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Marilyn Kelly
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman

FILED JULY 23, 2008

DAVID ROMAIN and JOANN ROMAIN,

  Plaintiffs-Appellees,

v                                                        No. 135546

FRANKENMUTH MUTUAL INSURANCE COMPANY
and IAQ MANAGEMENT, INC.,

  Defendants,

and

INSURANCE SERVICES CONSTRUCTION CORPORATION,

  Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

The Wayne Circuit Court summarily dismissed IAQ Management, Inc. (IAQ) from this action because IAQ did not owe plaintiffs a duty under the contract involved or under general negligence principles. Thereafter, defendant, Insurance Services Construction Corporation, filed a notice under MCR 2.112(K) naming IAQ as a non-party at fault. Because IAQ did not owe plaintiffs a duty, IAQ's conduct could not have been "a proximate cause of damage sustained by a

party."[1]  Therefore, the circuit court properly granted plaintiffs' motion to strike the notice of IAQ as a non-party at fault[2] because a non-party at fault must be a proximate cause of the injured party's damage.  Since the circuit court reached the correct result, we deny defendant's application for leave to appeal the Court of Appeals order denying defendant's interlocutory application for leave to appeal.

However, we write briefly to eliminate a conflict between two published Court of Appeals opinions.  Specifically, we overrule the statement in *Kopp v Zigich*[3] that "a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated."  That is an incorrect statement of Michigan law.  In *Jones v Enertel, Inc*,[4] the Court of Appeals held that "a duty must first be proved before the issue of fault or proximate cause can be considered."   Under the "first out" rule of MCR 7.215(J)(1), the *Kopp* panel should have followed *Jones* or declared a conflict under MCR 7.215(J)(2).  Because the *Kopp* panel did not declare a conflict, *Jones* is the controlling precedent and proof of a duty *is* required "before fault can be

---

[1] MCL 600.6304(8).

[2] MCR 2.112(K).

[3] 268 Mich App 258, 260; 707 NW2d 601 (2005).

[4] 254 Mich App 432, 437; 656 NW2d 870 (2002).

2

apportioned and liability allocated" under the comparative fault statutes, MCL

600.2957[5] and MCL 600.6304.[6]

In addition to being the controlling precedent under the court rules, *Jones*

correctly stated Michigan negligence law; *Kopp* did not.  As noted by this Court in

*Riddle v McLouth Steel Products Corp*:[7]

> "In a common law negligence action, before a plaintiff's fault
> can be compared with that of the defendant, it obviously must first
> be determined that the defendant was negligent.  It is fundamental
> tort law that before a defendant can be found to have been negligent,
> it must first be determined that the defendant owed a legal duty to
> the plaintiff."

The same calculus applies to negligent actors under the comparative fault statutes.

A common law negligence claim requires proof of (1) duty; (2) breach of that

---

[5] MCL 600.2957(1) provides:

> In an action based on tort or another legal theory seeking
> damages for personal injury, property damage, or wrongful death,
> the liability of each person shall be allocated under this section by
> the trier of fact and, subject to [MCL 600.6304], in direct proportion
> to the person's percentage of fault.  In assessing percentages of fault
> under this subsection, the trier of fact shall consider the fault of each
> person, regardless of whether the person is, or could have been,
> named as a party to the action.

[6] MCL 600.6304(1) requires the fact finder to make findings indicating the
total amount of damages and each person's total percentage of fault.  MCL
600.6304(8) defines "fault" to include "an act, an omission, conduct, including
intentional conduct, a breach of warranty, or a breach of a legal duty, or any
conduct that could give rise to the imposition of strict liability, that is a *proximate
cause* of damage sustained by a party."  (Emphasis added.)

[7] 440 Mich 85, 99; 485 NW2d 676 (1992), quoting *Ward v K mart Corp,*
136 Ill 2d 132, 145; 554 NE2d 223 (1990).

duty; (3) causation, both cause in fact and proximate causation; and (4) damages.[8] Therefore, under Michigan law, a legal duty is a threshold requirement before there can be any consideration of whether a person was negligent by breaching that duty and causing injury to another. Thus, when the Legislature refers to the common law term "proximate cause" in the comparative fault statutes, it is clear that for claims based on negligence "'it must first be determined that the [person] owed a legal duty to the plaintiff.'"[9] Additionally, MCL 600.6304(8) includes in the definition of fault "a breach of a legal duty . . . that is a proximate cause of damage sustained by a party." Before there can be "a breach of a legal duty," there must be a legal duty. Without owing a duty to the injured party, the "negligent" actor could not have proximately caused the injury and could not be at "fault" for purposes of the comparative fault statutes.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

---

[8] *Schultz v Consumers Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993).

[9] *Riddle*, *supra* at 99 (citation omitted).