**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:    Justices:
Marilyn Kelly    Michael F. Cavanagh
                 Elizabeth A. Weaver
                 Maura D. Corrigan
                 Robert P. Young, Jr.
                 Stephen J. Markman
                 Diane M. Hathaway

FILED MARCH 31, 2009

DAVID ROMAIN and JOANN ROMAIN,

     Plaintiffs-Appellees,

v                     No. 135546

FRANKENMUTH MUTUAL INSURANCE COMPANY
and IAQ MANAGEMENT, INC.,

     Defendants,
and

INSURANCE SERVICES CONSTRUCTION CORPORATION,

     Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

     The Wayne Circuit Court summarily dismissed IAQ Management, Inc.

(IAQ), from this action because IAQ did not owe plaintiffs a duty under the

contract involved or under general negligence principles. Thereafter, defendant,

Insurance Services Construction Corporation, filed a notice under MCR 2.112(K)

naming IAQ as a nonparty at fault. Because IAQ did not owe plaintiffs a duty,

IAQ's conduct could not have been "a proximate cause of damage sustained by a

party."[1]  Therefore, the circuit court properly granted plaintiffs' motion to strike the notice of IAQ as a nonparty at fault[2] because a nonparty at fault must be a proximate cause of the damage sustained by the injured party.  We affirm the circuit court's ruling.

We write briefly to eliminate a conflict between two published Court of Appeals opinions.  Specifically, we overrule the statement in *Kopp v Zigich*[3] that "a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated."  That is an incorrect statement of Michigan law.  In *Jones v Enertel, Inc*,[4] the Court of Appeals held that "a duty must first be proved before the issue of fault or proximate cause can be considered."  Under the "first out" rule of MCR 7.215(J)(1), the *Kopp* panel should have followed *Jones* or declared a conflict under MCR 7.215(J)(2).  Because the *Kopp* panel did not declare a conflict, *Jones* is the controlling precedent and proof of a duty *is* required "before fault can be apportioned and liability allocated" under the comparative fault statutes, MCL 600.2957[5] and MCL

---

[1] MCL 600.6304(8).

[2] MCR 2.112(K).

[3] *Kopp v Zigich*, 268 Mich App 258, 260; 707 NW2d 601 (2005).

[4] *Jones v Enertel, Inc*, 254 Mich App 432, 437; 656 NW2d 870 (2002).

[5] MCL 600.2957(1) provides:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death,

2

600.6304.[6]

In addition to being the controlling precedent under the court rules, *Jones* correctly stated Michigan negligence law; *Kopp* did not. As noted by this Court in *Riddle v McLouth Steel Products Corp*:[7]

> "In a common law negligence action, before a plaintiff's fault can be compared with that of the defendant, it obviously must first be determined that the defendant was negligent. It is fundamental tort law that before a defendant can be found to have been negligent, it must first be determined that the defendant owed a legal duty to the plaintiff."

The same calculus applies to negligent actors under the comparative fault statutes. A common-law negligence claim requires proof of (1) duty; (2) breach of that duty; (3) causation, both cause in fact and proximate causation; and (4) damages.[8] Therefore, under Michigan law, a legal duty is a threshold requirement before there can be any consideration of whether a person was negligent by breaching

---

the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

[6] MCL 600.6304(1) requires the fact-finder to make findings indicating the total amount of damages and each person's total percentage of fault. MCL 600.6304(8) defines "fault" to include "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a *proximate cause* of damage sustained by a party." (Emphasis added.)

[7] *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 99; 485 NW2d 676 (1992), quoting *Ward v K mart Corp,* 136 Ill 2d 132, 145; 554 NE2d 223 (1990).

[8] *Schultz v Consumers Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993).

that duty and causing injury to another. Thus, when the Legislature refers to the common-law term "proximate cause" in the comparative fault statutes, it is clear that for claims based on negligence "'it must first be determined that the [person] owed a legal duty to the plaintiff.'"[9] Additionally, MCL 600.6304(8) includes in the definition of fault "a breach of a legal duty . . . that is a proximate cause of damage sustained by a party." Before there can be "a breach of a legal duty," there must be a legal duty. Without owing a duty to the injured party, the "negligent" actor could not have proximately caused the injury and could not be at "fault" for purposes of the comparative fault statutes.

Affirmed.

Marilyn Kelly
Michael F. Cavanagh
Elizabeth A. Weaver
Diane M. Hathaway

---

[9] *Riddle*, *supra* at 99 (citation omitted).

4

S T A T E   O F   M I C H I G A N

SUPREME COURT

DAVID ROMAIN and JOANN ROMAIN,

     Plaintiffs-Appellees,

v                                  No. 135546

FRANKENMUTH MUTUAL INSURANCE COMPANY
and IAQ MANAGEMENT, INC.,

     Defendants,
and

INSURANCE SERVICES CONSTRUCTION CORPORATION,

     Defendant-Appellant.

_____

YOUNG, J. (*dissenting*).

I dissent from the readoption of our previously vacated July 23, 2008, memorandum opinion in today's opinion per curiam. I believe that we erred in our construction of the definition of "fault," as used in MCL 600.6304(8). Specifically, I believe that the majority opinion conflates the common-law concept of "proximate causation" with the common-law concept of "negligence," a result not contemplated by the plain language of the comparative fault statutes. On reconsideration, I do not believe that the statutes require proof of a duty before a person may be found to be a proximate cause of an injury and allocated fault. Rather, duty and proximate causation are two separate elements of a negligence claim—a wholly different concept than "fault."

1

Accordingly, I would reverse the trial court's order striking Insurance Services Construction's (ISC) notice of nonparty at fault and remand for further proceedings at which the relative fault of both ISC and IAQ Management, Inc. (IAQ), should be taken into consideration.

I. Relevant Facts and Procedural History

Plaintiffs, David and Joann Romain, are homeowners who filed a claim with their homeowner's insurance provider, Frankenmuth Mutual Insurance, for water and toxic mold damage. Frankenmuth referred plaintiffs to ISC to undertake the remodeling and mold remediation. After ISC completed the remodeling, Frankenmuth hired IAQ to test the air quality in the home. IAQ certified that the mold had been remediated and the home was safe for occupancy. Despite IAQ's certification, plaintiffs alleged that they began suffering from illnesses caused by toxic mold. Plaintiffs subsequently filed suit against Frankenmuth, IAQ, and ISC.

Of import to this appeal, the trial court dismissed plaintiffs' tort claims against IAQ because IAQ did not owe a duty to plaintiffs. This ruling has not been challenged on appeal. ISC subsequently filed a notice of nonparty at fault under MCR 2.112(K)[1] naming IAQ. Ultimately, the trial court struck the notice

---

[1] MCR 2.112(K) provides:

(1) Applicability. This rule applies to actions for personal injury, property damage, and wrongful death to which MCL 600.2957 and MCL 600.6304, as amended by 1995 PA 249, apply.

2

on the basis of *Jones v Enertel, Inc*,[2] which held that the existence of a duty is a necessary condition precedent to a consideration of proximate causation and allocating fault under MCL 600.6304(8). The trial court recognized, however, that *Jones* was inconsistent with the subsequent Court of Appeals opinion in *Kopp v Zigich*,[3] which rejected a duty prerequisite to a finding of fault. Accordingly, the trial court stayed the proceedings to allow ISC to file an interlocutory application for leave to appeal.

The Court of Appeals denied ISC's application for leave "for failure to persuade the Court of the need for immediate appellate review."[4] ISC then sought leave to appeal in this Court. We initially affirmed the trial court's order striking the notice of nonparty at fault in a memorandum opinion, which is reproduced in the majority opinion. However, we unanimously granted ISC's motion for reconsideration or rehearing and vacated the earlier memorandum opinion. We asked the parties to address

_____

(2) Notice Requirement. Notwithstanding MCL 600.6304, the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule.

Subsections 3 and 4 of the court rule outline the procedural and substantive requirements for the notice and allow a plaintiff to amend its complaint following the filing of a notice.

[2] 254 Mich App 432; 656 NW2d 870 (2003).

[3] 268 Mich App 258; 707 NW2d 601 (2005).

[4] *Romain v Frankenmuth Mut Ins*, unpublished order of the Court of Appeals, entered November 21, 2007 (Docket No. 278591).

3

whether the Legislature's use of the term "proximate cause" in MCL 600.6304 conflicts with other statutory provisions, whether the Legislature intended to impose a legal duty requirement as a precondition for allocating fault under MCL 600.2957 and MCL 600.6304, and whether, if MCL 600.6304 merely codified the common-law doctrine of negligence, a finding of duty is a prerequisite to a finding of fault.[5]

## II. Standard of Review

This case involves the proper application of various provisions of Michigan's "comparative fault" statutes. We review issues of statutory construction de novo. Our goal is to give effect to the Legislature's intent as expressed in the language of the statute.[6]

## III. Analysis

In 1995, the Legislature enacted tort reform legislation. As part of that reform, the Legislature abolished joint liability while retaining several liability. MCL 600.2956 provides: "Except as provided in [MCL 600.6304], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint."[7]

The Legislature also enacted MCL 600.2957 and MCL 600.6304 regarding the comparative allocation of fault. Section 2957 provides, in relevant part:

---

[5] *Romain v Frankenmuth Mut Ins*, 482 Mich 992 (2008).

[6] *Renny v Dep't of Transportation*, 478 Mich 490, 495; 734 NW2d 518 (2007).

[7] MCL 600.2956.

4

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, *the liability of each person shall be allocated* under this section by the trier of fact and, subject to section 6304, *in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.*

\* \* \*

(3) [MCL 600.2956 to 600.2960] do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.[8]

Section 6304 provides:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under [MCL 600.2925d], *regardless of whether the person was or could have been named as a party to the action.*

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct

---

[8] Emphasis added.

5

of each person at fault and the extent of the causal relation between the conduct and the damages claimed.

(3) The court shall determine the award of damages to each plaintiff in accordance with the findings under subsection (1), subject to any reduction under subsection (5) or [MCL 600.2955a] or [MCL 600.6303], and shall enter judgment against each party, including a third-party defendant, except that judgment shall not be entered against a person who has been released from liability as provided in section 2925d.

(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1). This subsection and section 2956 do not apply to a defendant that is jointly and severally liable under [MCL 600.6312].

* * *

(8) As used in this section, *"fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.*[9]

By requiring a duty as a precondition of determining "fault" or "proximate causation," the majority opinion imports principles of common-law "negligence" into the tort reform acts. This is not contemplated by the plain language of the statutes. By its plain language, the definition of "fault" in § 6304(8) does not require a party to establish the elements of a negligence claim or prove the existence of a duty before allocating fault to a nonparty.

When a statute employs a common-law term, such as "proximate cause," and expresses no intent to alter the common-law meaning of that term, this Court

---

[9] Emphasis added.

6

must interpret the statute consistently with that meaning.[10] When the Legislature uses a "legal term of art," we must give that term its "peculiar and appropriate legal meaning."[11]

The meaning of "proximate cause" under the common law is easiest to ascertain in connection with its role as an element of a common-law negligence claim. In order to establish a negligence claim, a plaintiff must prove: (1) duty, (2) breach of duty, (3) causation, and (4) damages.[12] To establish the element of causation for a negligence action, a plaintiff must prove that the defendant's actions were both a cause in fact and legal cause of its injury.[13] The cause in fact component is established by showing that the injury or harm would not have occurred "but for" the defendant's action.[14] Legal, or proximate, cause, on the other hand, "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences."[15]

---

[10] MCL 8.3a.

[11] *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008).

[12] *Lorencz v Ford Motor Co,* 439 Mich 370, 375; 483 NW2d 844 (1992).

[13] *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994).

[14] *Id.* at 163.

[15] *Id*. See also *Stoll v Laubengayer*, 174 Mich 701, 705; 140 NW 532 (1913) ("[I]t must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in light of the attending circumstances.").

As stated, a plaintiff must establish all four necessary elements, including duty and proximate cause, as a precondition for a finding of negligence. As this Court explained in *Moning v Alfono*, the elements of duty and proximate cause are related:[16]

> Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. Proximate cause encompasses a number of distinct problems including the limits of liability for foreseeable consequences. In the *Palsgraf* case, the New York Court of Appeals, combining the questions of duty and proximate cause, concluded that no duty is owed to an unforeseeable plaintiff.

> The questions of duty and proximate cause are interrelated because the question whether there is the requisite relationship, giving rise to a duty, and the question whether the cause is so significant and important to be regarded a proximate cause both depend in part on foreseeability—whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable.

Initially, the interrelated nature of these elements led me to believe that proximate causation could not be established absent the existence of a duty. Although related by the common consideration of foreseeability, proximate cause and duty are *two separate elements* of a common-law negligence claim. Though the absence of foreseeability may defeat proof of both, proof of a duty does not require proof of proximate causation, nor, most important here, does proof of proximate cause require proof of a duty. The Legislature omitted the term "negligence" from the statutes. Therefore, we presume that the Legislature

---

[16] 400 Mich 425, 438-439; 254 NW2d 759 (1977), citing *Palsgraf v Long Island R Co*, 248 NY 339; 162 NE 99 (1928) (Cardozo, J.).

intended for courts to allocate "fault" solely on the basis of the listed options without importing omitted concepts of common-law negligence.[17]

More significant, the imposition of a duty requirement in § 6304(8) would be inconsistent with that subsection's definition of "fault": "'fault' *includes* an act, an omission, conduct, including intentional misconduct, a breach of warranty, *or* a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party." By using the term "includes" in conjunction with the term "or," the Legislature expressed its intent to make this list of examples nonexhaustive. A court could determine that a person was a proximate cause of a party's injury and at "fault" on the basis of conduct (or lack thereof) not listed in the statute.[18] The term "or" further evidences the Legislature's intent that a defendant seeking to allocate fault to another person need only establish *one* method by which the person was a proximate cause of the injury.[19] The majority opinion makes the proof of a legal duty the exclusive method for proving fault under § 6304(8) through selective

---

[17] *Lamp v Reynolds*, 249 Mich App 591, 602; 645 NW2d 311 (2002). See also *AFSCME v Detroit*, 468 Mich 388, 400; 662 NW2d 695 (2003) ("[W]e may not read into the statute what is not within the Legislature's intent as derived from the language of the statute.").

[18] The use of the term "includes" by itself can limit or expand a list. This Court must consider the context in which the term is used to determine the Legislature's intent. See *Surowitz v Pontiac*, 374 Mich 597, 606; 132 NW2d 628 (1965).

[19] "Or" is a disjunctive term indicating that a person has a choice between options. *People v Thompson*, 477 Mich 146, 161; 730 NW2d 708 (2007) (Corrigan, J., concurring in part and dissenting in part).

9

quotation: "a breach of a legal duty . . . that is a proximate cause of damage sustained by a party." The majority opinion omits the alternatives specified in the statute, e.g., "an act . . . that is a proximate cause . . . ." It is inconsistent to identify a breach of a legal duty as one method *among many* to establish fault, but then impose the existence of a legal duty as a precondition for finding fault.

The majority opinion's imposition of a prerequisite duty element is also inconsistent with §§ 2957(1) and 6304(1)(b), both of which provide that a person shall be allocated fault regardless of whether he could be named as a party to the action. These statutes are *in pari materia*, having a common purpose, and must be read together to give effect to the statutes in their entirety.[20] A person who does not owe a duty to the plaintiff obviously cannot be named as a party to the action. Accordingly, a person who does not owe a duty to the plaintiff clearly falls within the ambit of these provisions. To impose a duty requirement for the allocation of fault, this Court would have to violate the rules of statutory construction and rewrite §§ 2957(1) and 6304(1)(b) to include such an exception.[21] This is precisely what the majority opinion does.

Furthermore, the plain language of the statutes does not violate common-law negligence principles by allowing a plaintiff to collect against a person in the absence of a duty. Section 2957(3) provides that the allocation of fault cannot

---

[20] *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007).

[21] See *AFSCME*, *supra* at 400.

subject a nonparty to liability in the current action or be used as evidence against a nonparty in a separate action. Thus, the allocation of fault to a nonparty is not a determination that the nonparty was negligent and does not subject him to tort liability when the plaintiff cannot otherwise prove all the elements of his claim.

## IV. Effect of *Riddle v McLouth Steel*

I further believe that the majority errs by relying on *Riddle v McLouth Steel Products Corp*[22] for the proposition that a named defendant must establish that a nonparty owed a duty to the plaintiff as a precondition for a finding of proximate causation and fault. *Riddle* was decided by this Court before tort reform in 1995 and the enactment of the comparative fault statutes. *Riddle* does not pertain to a defendant allocating fault to a nonparty; rather, it considers whether the tenet that a landowner owes no duty to business invitees to warn of open and obvious dangers was abrogated by the adoption of the "comparative negligence" scheme in Michigan.[23]

*Riddle* held that the determination of a duty and the consideration of the "comparative negligence" of a plaintiff are separate and distinct because they are

---

[22] 440 Mich 85, 99; 485 NW2d 676 (1992).

[23] Historically, the concept of "contributory negligence" barred a plaintiff whose own negligence contributed to his injury from collecting any compensation from a negligent defendant. From 1979 until the tort reforms of 1995, Michigan courts accepted the common-law concept of "pure comparative negligence." Under this scheme, the plaintiff was entitled to a damages award against a negligent defendant reduced by plaintiff's relative portion of negligence. See *Placek v Sterling Hts*, 405 Mich 638; 275 NW2d 511 (1979).

considered at different points in the case. When a plaintiff files suit against a defendant, the court must determine as a matter of law whether the defendant owed that plaintiff a duty. A negligence action may proceed against the named defendant only if there is a legal duty. "Comparative negligence," on the other hand, is considered at the end of the trial to reduce the damages a defendant owes to a plaintiff.[24] The statements in *Riddle* upon which the majority opinion relies were meant to describe the relationship of a "plaintiff's *negligence* in relation to the defendant's duty"[25] and are, therefore, completely unrelated to the determination whether the new statutory concept of "fault" may be allocated in the absence of a duty. As discussed, under our statutory scheme, the existence of a duty is irrelevant to the allocation of "fault," which considers only a determination of proximate causation. This is particularly so when allocating fault cannot subject a nonparty to liability under § 2957(3).

The majority opinion's continued mistaken reliance on *Riddle*, and the improper importation of negligence principles into §§ 2957 and 6304, is caused, in part, by the continued use of the term "comparative negligence" to describe the allocation of fault under the statutes.[26] The use of this term is a misnomer when used in relation to these statutes. Sections 2957 and 6304 make absolutely no

---

[24] *Riddle*, *supra* at 95-96.

[25] *Id.* at 98.

[26] See, e.g., *Barnett v Hidalgo*, 478 Mich 151 (2007); 732 NW2d 472; *Holton v A+ Ins Associates, Inc*, 255 Mich App 318; 661 NW2d 248 (2003).

reference to negligence and, by their plain language, relate solely to the allocation of "fault." To remedy any further confusion, I caution the bench and bar to be more precise when referring to statutory "comparative fault."

## V. Conclusion

Given the plain language of the comparative fault statutes and the common-law definition of "proximate cause," I dissent from the majority opinion's importation of negligence principles into §§ 2957 and 6304 and the creation of a prerequisite duty element before proximate causation and fault may be considered. Put simply, the comparative fault statutes do not describe the allocation of negligence. The statutes describe the allocation of *fault* between parties and nonparties, including persons who could not otherwise be named as a party to the suit. "Fault" is not defined in terms of negligence, but by a nonexhaustive list of examples that might amount to a proximate cause of the plaintiff's injuries. Accordingly, instead of readopting our previously vacated memorandum opinion, I would remand the case to the trial court to reinstate the notice of nonparty at fault.

Robert P. Young, Jr.
Maura D. Corrigan
Stephen J. Markman

13