*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COVENANT MEDICAL CENTER, INC.,

        Plaintiff-Appellee/Cross-Appellant,

v

EMPLOYERS MUTUAL CASUALTY
COMPANY,

        Defendant-Appellant/Cross-Appellee,

and

MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and JOHN DOE
INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
February 11, 2021

No. 342379
Bay Circuit Court
LC No. 16-003671-NF

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In the main appeal, defendant Employers Mutual Casualty Company (defendant),[1] appeals by right the trial court's order granting in part plaintiff's motion for summary disposition and entering judgment in favor of plaintiff. On cross-appeal, plaintiff challenges the trial court's order limiting plaintiff's award of attorney's fees to only those fees incurred after plaintiff secured an assignment. We reverse the trial court's orders and remand for entry of an order granting summary disposition in favor of defendant. We dismiss plaintiff's cross-appeal as moot.

---

[1] The remaining defendants in the proceeding below are not parties to either the appeal or cross-appeal.

-1-

## II. PERTINENT FACTS AND PROCEDURAL HISTORY

On October 21, 2014, Jussie Craddock (Craddock) sustained injuries in a motor vehicle accident. Plaintiff provided healthcare services to her in October 2014, November 2014, and March 2015. In October 2015, plaintiff filed this action to obtain reimbursement for its services as no-fault personal protection insurance (PIP) benefits. Thereafter, the Michigan Supreme Court issued its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), and held that healthcare providers do not have a direct cause of action against no-fault insurers for recovery of PIP benefits under the no-fault act. Plaintiff then obtained an assignment of rights from Craddock and filed an amended complaint on July 12, 2017. Defendant subsequently moved for summary disposition under MCR 2.116(C)(8), arguing that the amended complaint could not relate back to the date of the original pleading and that plaintiff's claims were therefore barred by the "one-year-back" rule of MCL 500.3145. The trial court denied defendant's motion, ruling that the amended complaint related back to the date of the original pleading, and that plaintiff's claims in the amended complaint were therefore not barred by the one-year-back rule. The trial court subsequently granted in part plaintiff's motion for summary disposition, entered judgment in favor of plaintiff, and awarded plaintiff attorney's fees, but limited the award to fees incurred after the date of the assignment.

## II. SUMMARY DISPOSITION

Defendant argues that the trial court erred by granting in part plaintiff's motion for summary disposition, and that it should have granted defendant's motion for summary disposition on the basis of the one-year-back rule. We agree.

We review de novo a trial court's ruling on a motion for summary disposition. *Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 543; 942 NW2d 696 (2019).

> A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted. A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. Questions of statutory interpretation are also reviewed de novo. [*Id*. (quotation marks and citations omitted).]

At all times relevant to this case, the one-year-back rule set forth in MCL 500.3145(1) provided that a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."[2] In interpreting that provision in the context of this case, we are guided (and indeed bound) by this Court's decision in *Jawad A Shah,*

---

[2] MCL 500.3145 was amended by 2019 PA 21 and 2019 PA 22, effective June 11, 2019. The one-year-back rule is now codified in Subsection (2) of the amended statute. The relevant events in this case occurred before the amendment.

*MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 186; 920 NW2d 148 (2018). In *Shah*, the healthcare-provider plaintiffs filed suit in February 2017 to recover no-fault benefits. Following the issuance of our Supreme Court's decision in *Covenant* on May 25, 2017, and as in this case, the providers obtained an assignment of rights from the insured and sought to amend their complaint to pursue their action under an assignment theory. *Id*. at 187-188, 202-203. This Court determined that the plaintiffs could not obtain any greater rights than the insured had possessed on the date of the assignment and that, if the insured had filed an action directly against the defendant on that date, he would not have been permitted to recover benefits for any portion of the loss incurred more than one year before that date. *Id*. at 204. Therefore, the plaintiffs could not obtain any right to recover benefits for losses incurred more than one year before the date of the assignment. *Id*. This Court further stated that because the assignment was an event that occurred after the filing of the original complaint, the motion for leave to amend actually sought leave to file a supplemental pleading, which could not relate back to the date of the original filing. *Id*. at 204-205.

This Court's decision in *Shah* is binding and mandates reversal in this case. Under *Shah*, plaintiff could not obtain any greater rights than Craddock possessed on the date of the assignment. And as of that date, Craddock would not have been permitted to recover benefits for losses incurred more than one year before the date of the assignment. The record shows that all of the services for which recovery was sought were provided more than one year before the date of the assignment. Furthermore, under *Shah*, because the assignment was an event that occurred after the original complaint was filed, plaintiff's amended complaint was actually a supplemental pleading, which could not relate back to the date of the original filing.[3] Accordingly, the trial court erred by ruling that the one-year-back rule did not bar plaintiff's new claims and that the amended complaint related back to the date of the original complaint.

Despite this Court's decision in *Shah*, plaintiff argues that the amended complaint in this case was an amended pleading, not a supplemental pleading. We disagree. MCR 2.118(D) provides, in relevant part, that "[a]n amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." Plaintiff argues that its claim for no-fault benefits based on an assignment theory of recovery arose out of the same transaction as the claim in the original complaint because both arose out of plaintiff's provision of healthcare services following the motor vehicle accident. MCR 2.118(E), however, provides that the court may allow parties to serve a "supplemental pleading to state transactions or events that have happened since the date of the pleading sought to be supplemented." As in *Shah*, the assignment here was an event that happened after the date of the original complaint; we see no basis on which to reach a different result than this Court did in *Shah*. *Shah*, 324 Mich App at 204-205.

Plaintiff additionally argues that Craddock could have filed an intervening complaint and that the one-year-back rule would not have precluded her recovery in such an action because this

---

[3] Although the amended complaint was actually a supplemental pleading, we will continue to refer to it as the "amended complaint," for consistency.

action was commenced in a timely manner by plaintiff. This argument was also rejected in *Shah*, 324 Mich App at 204. Plaintiff does not provide any authority to support its argument that Craddock's claims would not have been barred by the one-year-back rule. Plaintiff cites *Botsford Gen Hosp v Citizens Ins Co*, 195 Mich App 127; 489 NW2d 137 (1992), and *Perkovic v Zurich American Ins Co*, 500 Mich 44; 893 NW2d 322 (2017), in support of its argument that "no-fault cases have long held that a patient's satisfaction of procedural requirements can inure to the benefit of medical providers, and vice versa." But those cases are distinguishable from this case and from *Shah*, because they did not involve the one-year-back rule; they instead involved the statute of limitations and notice requirements set forth in MCL 500.3145(1).[4]

Plaintiff also argues that *Shah* was wrongly decided and asserts that this Court's recent decision in *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262; ___ NW2d ___ (2020), conflicts with *Shah*. Plaintiff's asks this Court to invoke the conflict procedure set forth in MCR 7.215(J). We disagree and decline to do so. First, we are not persuaded that *Shah* was incorrectly decided. In particular, we agree that an assignment of rights after an original suit is filed is an occurrence that takes place after the filing of the original complaint, and that it therefore may not relate back to the original date of filing. Although the one-year-back rule runs from the date of the commencement of the action, plaintiff, as assignee, effectively filed a new action. Further, we disagree that *Mich Head & Spine* conflicts with *Shah*. In *Mich Head & Spine*, 331 Mich App at 277, this Court concluded that the trial court erred by denying the medical providers leave to amend their complaint to allege an assignment-based theory. This Court stated that the amendment "to clarify that their standing was based on assignment . . . would not have changed anything about the merits of the lawsuit or the basis on which [the medical providers] claimed that they were entitled to relief in this case." *Id*. This Court concluded that "the trial court denied leave to amend solely because it would have preferred that [the medical providers] had moved to amend their complaint earlier." *Id*. at 277-278. This Court did not address the one-year-back rule or the relation-back doctrine. Nonetheless, *Mich Head & Spine* is critically distinguishable from this case and *Shah* because the first assignment was executed *before* the original complaint was filed. *Id*. at 267. Accordingly, the amended complaint would not have alleged a transaction or occurrence after the date of the original filing. Because we conclude that *Shah* was correctly decided and that *Mich Head & Spine* does not conflict with *Shah*, we reject plaintiff's request to invoke the conflict procedure set forth in MCR 7.215(J).[5]

---

[4] At the time relevant to this case, the relevant language of MCL 500.3145(1) provided:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

[5] Moreover, to the extent plaintiff may suggest that we would be free to disregard *Shah* in favor of *Mich Head & Spine*, assuming that we were to agree that they are in conflict, it is incorrect. See

-4-

### III. ATTORNEY'S FEES

In the cross-appeal, plaintiff argues that the trial court erred by limiting its award of attorney's fees to those fees incurred after the assignment was obtained. Because we conclude in the main appeal that the trial court erred by granting in part plaintiff's motion for summary disposition and by denying defendant's motion for summary disposition, we must necessarily reverse the trial court's award of attorney's fees to plaintiff. Plaintiff's cross-appeal is therefore moot.

Reversed in the main appeal and remanded for the entry of an order granting summary disposition in favor of defendant. The cross-appeal is dismissed as moot. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

---

*Romain v Frankenmuth Mut Ins Co*, 483 Mich 18, 21; 762 NW2d 911 (2009). Instead, under the "first out" rule of MCR 7.215(J)(1), we would still be required to follow *Shah* and declare a conflict under MCR 7.215(J)(2). For the reasons indicated, we decline to do so.