*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

HONESTI PRICE, Minor, by Next Friend
ROSALYN CLAYTON,

      Plaintiff,

v

COUNTRY HOUSE APARTMENTS, LLC,

      Defendant,

and

COUNTRY HOUSE HOLDINGS, LLC,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

ROSALYN CLAYTON and KEVIN PRICE,

      Third-Party Defendants-Appellants.

UNPUBLISHED
March 31, 2022


No. 355712
Wayne Circuit Court
LC No. 20-000116-NO

---

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

In this interlocutory appeal, third-party defendants, Kevin Price and Rosalyn Clayton, appeal by leave granted the order of the trial court denying in part their motion for summary disposition under MCR 2.116(C)(8) of defendant/third-party plaintiff, Country House Holdings, LLC's, third-party complaint. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS

Country House Holdings, LLC (defendant), owns[1] a residential apartment building in the city of Detroit. In 2015, Kevin Price and Rosalyn Clayton rented from defendant a second-floor apartment in the building, and Price and Clayton lived in the apartment together with their children. On September 17, 2015, the couple's two-year-old daughter, plaintiff, Honesti Price,[2] was playing with her siblings on the second-floor walkway outside the family's apartment when she fell through a railing; she fell 10 feet to the cement below, allegedly sustaining serious head injuries. At the time of the incident, Clayton allegedly was taking a shower and had relinquished care of the children to Price, who allegedly was resting in bed after work while the children played on the walkway.

Plaintiff initiated this lawsuit alleging that defendant's negligence caused her injuries and that defendant breached its statutory duty to keep the premises in reasonable repair and fit for its intended use.[3] Plaintiff alleged that defendant knew or should have known of the unsafe condition of the walkway and failed to make it safe, resulting in plaintiff's injuries. The complaint further alleged that in the weeks before the incident, Price and Clayton notified defendant that the balcony railing needed repair but that defendant failed to repair the railing.

Defendant thereafter filed a third-party complaint[4] against Price and Clayton, alleging parental negligence, negligence, indemnity, and contribution, and asserting that Price and Clayton were negligent by failing to properly supervise plaintiff. Defendant further alleged that Price and Clayton failed to report the dangerous condition of the walkway to defendant, and that Price, whom defendant employed as a maintenance worker, contravened his duty to defendant by failing to remedy the defective condition. Defendant sought indemnification and contribution from Price and Clayton for any judgment against defendant in the primary litigation.

Price and Clayton moved for summary disposition of the third-party complaint under MCR 2.116(C)(8), contending that defendant's theory of liability is that Price and Clayton failed in their parental duty to adequately supervise plaintiff and that such liability is barred by parental immunity. After a hearing, the trial court denied the motion for summary disposition of Counts I, II, and III of the third-party complaint that alleged parental negligence, negligence, and indemnification, but granted summary disposition of Count IV of the third-party complaint alleging contribution, which the trial court determined was not a valid separate claim.[5] The trial court observed that under Michigan law, a child may not maintain a lawsuit against his or her

---

[1] In its answer to plaintiff's complaint, defendant Country House Holdings, LLC asserts that it is the sole owner of the premises in question.

[2] Plaintiff, Honesti Price, is a minor and sues through her next friend, Rosalyn Clayton.

[3] Although the complaint is not entirely clear, plaintiff appears to allege both common law premises liability and statutory liability under MCL 554.139(1).

[4] Defendant also filed a notice of nonparty at fault under MCR 600.2957 and MCR 2.112(K).

[5] Defendant states in its brief on appeal that it does not dispute the trial court's dismissal of its contribution claim.

parent for injuries suffered as a result of the alleged ordinary negligence of the parent if the alleged negligence involved an exercise of reasonable parental authority over the child. See *Plumley v Klein*, 388 Mich 1, 8; 199 NW2d 169 (1972). However, the trial court then found that defendant's allegations that Price and Clayton owed plaintiff a duty of reasonable supervision "fit within the first of the *Plumley* exceptions to parental immunity." The trial court concluded that Price and Clayton therefore were subject to potential liability for the alleged breach of their duty to plaintiff. The trial court reasoned:

> Third-party Defendants provide no authority that prevents a defendant from filing a third-party complaint after providing notice of nonparty at fault. The only requirement is that the Court find, in allowing a negligence claim to go forward, that there is a legal duty. *Romain v Frankenmuth Mut Ins Co*, 483 Mich 18, 22; 762 NW2d 911 (2009). "Without owing a duty to the injured party, the "negligent" actor could not have proximately caused the injury and could not be at "fault" for purposes of the comparative fault statutes." *Id.*
>
> As indicated above, the Court finds that the parents here do owe a duty to exercise authority over their child, which involves more than discipline and includes providing instruction and education so that their child may be aware of dangers to her well-being. . . .
>
> Furthermore, under the fair share liability approach set forth in comparative-fault statutes, a fact-finder must allocate fault among all responsible tortfeasors, regardless of whether the tortfeasor was or could have been named as a party to the action, and each tortfeasor need not pay damages in an amount greater than his or her allocated percentage of fault. . . .

This Court thereafter granted Price's and Clayton's application for leave to appeal the order of the trial court. *Price v Country House Apartments, LLC*, unpublished order of the Court of Appeals, entered March 31, 2021 (Docket No. 355712).

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim; summary disposition under MCR 2.116(C)(8) is warranted only when the claim is so unenforceable as a matter of law that no factual development could justify recovery. *Id*. at 159-160. When reviewing a motion for summary disposition under MCR 2.116(C)(8), we consider the motion based on the pleadings alone and accept all factual allegations as true. *Id*. at 160.

### B. NONPARTY AT FAULT

In Michigan, when a case involves multiple tortfeasors, the law imposes fair-share liability; each tortfeasor is liable for only the portion of the total award of damages that reflects that tortfeasor's apportionment of fault. *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129,

139; 923 NW2d 894 (2018). The principles of fair-share liability are set forth in the comparative-fault statutes, being MCL 600.2956, MCL 600.2957, and MCL 600.6304. *Goodwin*, 325 Mich App at 139. MCL 600.2957 provides, in relevant part:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304 [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, *regardless of whether the person is, or could have been, named as a party to the action*.
>
> * * *
>
> (3) Sections 2956 to 2960 [MCL 600.2956 to MCL 600.2960] *do not eliminate or diminish a defense or immunity that currently exists*, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. *If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability* in that action and shall not be introduced as evidence of liability in another action. [Emphasis added.]

MCL 600.6304 provides:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
>
> (a) The total amount of each plaintiff's damages.
>
> (b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d [MCL 600.2925d], *regardless of whether the person was or could have been named as a party to the action*.
>
> * * *
>
> (4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1) . . .
>
> * * *
>
> (8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party. [Emphasis added.]

Thus, where more than one tortfeasor is identified, the fact-finder must determine the allocation of fault among the responsible tortfeasors, regardless of whether a tortfeasor was or could have been named as a party to the action, and no tortfeasor can be required to pay damages in an amount greater than his or her percentage of fault. See *Goodwin*, 325 Mich App at 141. However, fault may not be allocated to a person without proof that the person owed a legal duty to the injured party. *Id*. "Without owing a duty to the injured party, the 'negligent' actor could not have proximately caused the injury and could not be at 'fault' for purposes of the comparative fault statutes." *Romain v Frankenmuth Mut Ins Co*, 483 Mich 18, 22; 762 NW2d 911 (2009).

## C. PARENTAL IMMUNITY

In this case, defendant filed a notice of nonparty at fault under MCR 600.2957 and MCR 2.112(K),[6] asserting that Price and Clayton breached their parental duty to supervise plaintiff. However, defendant also filed a third-party complaint against Price and Clayton, alleging parental negligence, negligence, indemnification, and contribution. Price and Clayton contend that the liability alleged in defendant's third-party complaint is barred by parental immunity and that the trial court therefore erred by denying their motion for summary disposition. We agree.

Under Michigan law, "parents have a duty to supervise their own children, or determine that their children are of sufficient age and maturity to no longer need such supervision." *Goodwin*, 325 Mich App at 142 (quotation marks and citations omitted). The parent's duty to supervise the child extends to exercising reasonable care for the safety of the child while on the property of another. *Id*. at 143. But "[a]lthough parents undoubtedly have a duty to supervise their children, the law generally does not allow children to recover damages from their parents for breach of this duty." *Id*.

At common law, a minor was not permitted to sue his or her parents in tort. *Id*. When the Michigan Supreme Court largely abolished intrafamily tort immunity in *Plumley*, 388 Mich at 8, it retained two exceptions. Parental immunity remains (1) "where the alleged negligent act involves an exercise of reasonable parental authority over the child," and (2) "where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Id*. A claim that a parent was negligent in supervising his or her child falls within the first exception, with the result that a child may not sue his or her parent for negligent supervision because the parent has immunity in this regard. *Goodwin*, 325 Mich App at 144.

To summarize, *Plumley* generally abolished parental immunity, with exceptions identified in *Plumley* in which parental immunity still exists, such as when a parent is alleged to have negligently supervised his or her child. Price and Clayton are thus correct that defendant's allegations that they are liable for negligently supervising plaintiff fall within the first *Plumley* exception to the general *Plumley* rule of nonimmunity, meaning that they are immune from liability for alleged negligence in supervising plaintiff. See *id*. Although the trial court correctly found that defendant's allegations that Price and Clayton negligently supervised plaintiff fall within the

---

[6] MCR 2.112(K)(2) provides that "[n]otwithstanding MCL 600.6304, the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule."

first *Plumley* exception, the trial court incorrectly concluded that falling within the *Plumley* exception *removed* the allegations from parental immunity, when in fact falling within the exception *placed the claim within* the genre of claims barred by parental immunity. In so concluding, the trial court conflated the question whether parental immunity barred defendant's tort action against Price and Clayton for negligent supervision of plaintiff with the inquiry whether a parent has a duty to supervise his or her child. Because Price and Clayton are immune from suit for their alleged negligent supervision of plaintiff regardless of their duty to plaintiff, the trial court erred by denying their motion for summary disposition of defendant's third-party complaint. See *Goodwin*, 325 Mich App at 144.

That is not to say that parents cannot be identified as nonparties at fault. Under the comparative-fault statutes, which distinguish between immunity and duty, "a person entitled to parental immunity may nevertheless be named as a nonparty at fault and allocated fault for purposes of determining a defendant's liability under the comparative-fault statutes." *Id*. at 145. As discussed, the allocation of fault under the comparative-fault statutes is the mechanism by which a defendant's and other tortfeasors' allocation of fault, if any, can be determined, regardless of whether the other identified tortfeasors could have been named as a party or whether they are instead immune from liability. *Id*. But contrary to the trial court's determination, the fact that Price and Clayton owe a parental duty to their child that could subject them to allocation of fault does not affect their parental immunity from suit for alleged negligent supervision of their child.

On appeal, defendant agrees that parental immunity bars plaintiff from holding Price and Clayton liable for her injuries under a theory of negligent supervision. Defendant argues, however, that parental immunity does not preclude another party, such as defendant, from holding Price and Clayton liable for plaintiff's injuries. We disagree. To establish a prima facie case of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). The element of duty is the legal obligation that arises from the relationship between the parties. *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021). Duty generally arises either by statute, contract, or under common law. *Hill*, 492 Mich at 661.

In this case, the only duty defendant's third-party complaint identifies[7] is the duty Price and Clayton owed to plaintiff as parents to properly supervise her. Defendant does not identify a

---

[7] Although defendant also asserts that Price breached his duty as its employee to prevent the accident by repairing the railing on his own initiative, the third-party complaint does not set forth a prima facie case in this regard; that is, the third-party complaint does not identify Price's duty to defendant as an employee to prevent the accident, breach of that duty, or causation of damages as a result of Price's alleged breach of duty to defendant. Rather, the overriding assertion of the third-party complaint is that any damages sustained by plaintiff resulted from Price and Clayton breaching their duty to adequately supervise her. We observe that the third-party complaint does not name other employees who failed to eliminate the alleged hazard; if Price were not also the

-6-

duty that Price and Clayton owed to defendant. Although defendant emphasizes on appeal that its third-party complaint is not merely one for contribution or indemnification, the overarching allegation of the third-party complaint is that plaintiff's injuries are the result of parental negligence by Price and Clayton, who therefore should be held liable for plaintiff's damages in lieu of defendant. Because defendant did not allege in its third-party complaint a duty owed apart from Price and Clayton's parental duty to plaintiff, defendant's third-party complaint fails to state a claim; Price and Clayton could not breach a duty to defendant that they did not owe. See *Fultz v Union-Commerce Assoc*, 470 Mich 460, 469; 683 NW2d 587 (2004).

## D. INDEMNIFICATION AND CONTRIBUTION

In its third-party complaint, defendant also alleged indemnification and contribution. "Generally, indemnification is an equitable doctrine that shifts the entire burden of judgment from one tortfeasor who has been compelled to pay it, to another whose active negligence is the primary cause of the harm," *St. Luke's Hosp v Giertz*, 458 Mich 448, 453; 581 NW2d 665 (1998), and is intended only to make a party whole again who has been held vicariously liable to another through no fault of his or her own. *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 62; 807 NW2d 354 (2011). A party seeking indemnity must be free from any active or causal negligence. *Id*. at 63. Thus, common-law indemnification "cannot lie where the plaintiff was even .01 percent actively at fault." *St. Luke's Hosp*, 458 Mich at 456. Whether a party was actively liable is determined by the complaint of the primary plaintiff. *Botsford*, 292 Mich App at 63.

"Contribution is a statutory right that exists between two or more tortfeasors liable for the same injury or wrongful death." *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 188; 475 NW2d 854 (1991), citing MCL 600.2925a. Because a child cannot sue his or her parent for negligent supervision, the parent cannot be jointly or severally liable with another tortfeasor for the child's damages arising from the negligence. *Id*. at 189. That is not to say that a parent cannot be named as a nonparty at fault; as discussed, under the comparative-fault statutes, where there is a duty a parent may be named as a nonparty at fault regardless of whether immunity would preclude the parent from being named as a party. *Goodwin*, 325 Mich at 145-146. However, because a child cannot sue his parents for negligent supervision, the parent cannot be held jointly or severally liable with another tortfeasor based upon negligent supervision of the child. *Bryne*, 190 Mich App at 189. Because defendant has not stated a prima facie case against Price and Clayton for the underlying claim of negligence, defendant has not set forth a valid claim for indemnification or contribution.

We affirm the trial court's order granting Price and Clayton summary disposition of Count IV of defendant's third-party complaint seeking contribution. We reverse the trial court's order denying Price and Clayton summary disposition of Counts I, II, and III of defendant's complaint alleging parental negligence, negligence, and seeking indemnification. We remand to the trial

---

father of the person injured it appears unlikely that he would have been named as a third-party defendant.

court for entry of an order dismissing defendant's third-party complaint. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly